The State v. Hodges.

## The State of Kansas v. Ira M. Hodges.

1. EMBEZZLEMENT — *Prosecution—Continuance—Diligence, Not Shown.*
The defendant in a criminal prosecution for embezzlement made an application for a continuance upon the ground that it was necessary for him, in order to prepare for his defense, to make an inspection of certain books, records and papers in the custody of the receiver of the State Bank of Irving, and the court overruled the application. *Held,* Under the circumstances of the case, that the defendant did not exercise sufficient diligence to obtain an inspection of such books, records and papers, and that no error was committed in refusing the application.

2. SEPARATE FELONIES, *May be Charged in One Information—Judicial Discretion.* Several separate and distinct felonies may be charged in separate counts of one and the same information, where all the offenses charged are of the same general character, requiring the same mode of trial, the same kind of evidence and the same kind of punishment; and the defendant may be tried upon all the several counts at one and the same time; all resting in the sound judicial discretion of the trial court.

3. INFORMATION, *Not Bad for Duplicity.* Where a criminal information charges in one count an actual embezzlement, and also charges that the same property was made way with and secreted by the defendant with the intent to embezzle and convert the same to his own use, *held,* that the information is not bad for duplicity.

4. EVIDENCE — *Introduction, Not Error.* The evidence examined, and *held,* that although evidence, relevant and competent to prove one charge, but not relevant or competent as to the other charges, was introduced, and although other evidence not competent to prove any charge was also introduced, yet no material error in this respect was committed by the trial court.

5. SEALED VERDICT, *No Error in Receiving.* At the close of the trial and near night the jury retired to consider as to their verdict, and under the direction of the trial court, given before they retired, in the presence of the defendant and counsel on both sides and without objection. The jury, after agreeing upon their verdict during the night, reduced the verdict to writing and enclosed it in a sealed envelope and then separated until the meeting of the court the next morning, when they returned the verdict into court, and the envelope was there opened and the verdict read to the jury, and they were asked if that was their verdict, and they answered in the affirmative, and the verdict was held valid. *Held,* That no material error, if any error at all, was committed in this respect by the trial court.

6. GUILTY *on Four Counts—Aggregated Time—No Error.* The defendant was found guilty, and the court sentenced him upon each of four separate counts of the information to imprisonment in the penitentiary, prescribing that the imprisonment under one count should commence at the expiration of the imprisonment under another count, and the time of the imprisonment in the aggregate exceeded by one year the time for which the defendant could have been sentenced upon one count alone. *Held,* Not error.

### *Appeal from Marshall District Court.*

PROSECUTION for embezzlement. Judgment for *The State,* at the May term, 1890. The defendant *Hodges* appeals. The facts are stated in the opinion.

*Mann & Redmond, J. V. Coon,* and *W. J. Gregg,* for appellant.

*L. B. Kellogg,* attorney general, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution upon information in which the defendant, Ira M. Hodges, was charged in eight separate counts with the commission of eight separate and distinct embezzlements of property belonging to the State Bank of Irving, a banking corporation, as officer, cashier and secretary of such corporation. A trial was had before the court and a jury, and at the close of the evidence on the part of the state, the prosecution elected to dismiss the prosecution as to the eighth count and to proceed with the trial upon only the other seven counts, as follows: Upon the first six counts, upon the charges therein contained of actual embezzlement; and upon the seventh count, upon the charge of taking, making way with and secreting a certain diamond pin, with the intent to convert the same to the defendant's own use. And the prosecution also elected to rely for a conviction upon a separate and single transaction, as shown by the evidence for each separate count of the information. At the close of the trial the jury found the defendant guilty upon the first six counts, and not guilty as to the seventh; and the court sentenced the

defendant to imprisonment in the penitentiary for terms aggregating six years upon the first, third, fourth and fifth counts only, as follows: Upon the first count for three years, and upon each of the other three counts for one year; and the defendant was not sentenced at all upon the second or sixth count, nor upon any other count except the first, third, fourth and fifth. The defendant now brings the case to this court for review.

I. The first alleged ground of error is, that the court below erred in refusing to grant the defendant a continuance. The ground for the continuance was, that the defendant in order to prepare for his defense needed to make an inspection of certain books, records and papers belonging to the State Bank of Irving, which books, records and papers were, and had been for a long time, in the custody of W. W. Armstrong, who was the receiver of said bank; that the defendant had not been able to procure such books, records and papers. The offenses with which the defendant was charged and found guilty, were charged to have been committed, and were, in fact, committed, during the month of November, 1889. When this prosecution was commenced is not shown, but it was probably commenced soon after the time of the alleged commission of the offenses. The information, however, was not filed until May 3, 1890, and this application for a continuance was made on May 8, 1890. Now if these books, records and papers should be considered as being in the custody of the prosecution, which they were not, then the defendant's remedy to obtain an inspection or copies of them was under § 209 of the criminal code, and §§ 368 and 369 of the civil code. But if they should be considered as being in the custody of W. W. Armstrong, the receiver, as in fact they were, then the defendant could have procured an inspection or copies of them by merely applying to the court or judge for an order to that effect upon the receiver. And of course the defendant had the power to obtain them as evidence at the trial by merely causing a *subpœna duces tecum* to be issued for them. (Civil Code, § 325.) But he took no legal steps to compel the pro-

duction of the books, records and papers for his inspection, or to procure copies of them prior to his application for a continuance, and, therefore, we would think that he did not exercise sufficient diligence. The whole matter, however, was largely within the discretion of the trial court, and we cannot say that such discretion was abused. Many of the books, records and papers of the bank, and possibly all, were present at the trial, and there is no pretense that any of them needed by the defendant were absent.

II. The next ground of alleged error has reference to a supposed error in the information, in charging in one and the same instrument, though in separate counts, several separate and distinct felonies, and in the court's requiring the defendant to be tried for all of such felonies in one and the same trial. Now there can certainly be no such substantial error in this as will require a reversal of the judgment of the court below, provided, of course, that only one offense is charged in each of the several counts of the information. Several separate and distinct felonies may be charged in separate counts of one and the same information, where all of the offenses charged are of the same general character, requiring the same mode of trial, the same kind of evidence, and the same kind of punishment. (Whar. Cr. Pl. & Pr., § 285, *et seq.*, and cases there cited; 1 Bish. Cr. Proc., 3d ed., §§ 424, 450, 451; 4 Am. & Eng. Encyc. of Law, 754–756; *The State v. Bancroft*, 22 Kas. 170; *The State v. Chandler*, 31 id. 201; *The State v. Goodwin*, 33 id. 538; *The State v. Fisher*, 37 id. 404.) The defendant may be tried upon all the several counts of the information at one and the same time, and in one trial; but all this rests in the sound judicial discretion of the trial court. In some cases the trial court might, without committing material error, quash such an information; or it might require the state to elect upon which one or more of the several counts it would proceed to trial or rely for a verdict; but we cannot say that in this case the court abused its discretion or committed any material error.

III. The next alleged ground of error is that each count of

the information charged two separate and distinct offenses. The first count of the information charges as follows: That the defendant as officer, cashier and secretary of the State Bank of Irving, a corporation, doing a general banking business at Irving, was entrusted by the corporation with the safe-keeping, custody, control and disbursement of the moneys belonging to the bank; and that he, as such officer, cashier and secretary, on the 8th day of November, 1889, certain moneys belonging to the bank in his hands, of the value of $1,500, "did then and there fraudulently and feloniously convert to his own use and embezzle, with intent to feloniously embezzle the same, and then and there did feloniously make way with and secrete, with intent the said money and property fraudulently and feloniously to embezzle and convert to his own use, without the assent of the said corporation, his employer." All the other counts are substantially in the same form. Now as a general rule, the charging of two or more distinct offenses in the same count of an information, which in criminal pleading is denominated "duplicity," is not to be tolerated, but we do not think that the present information is subject to any such objection. It is often the case that one felony of considerable magnitude may include within itself other offenses of less magnitude, and then all may be charged in one count; as, for instance, the offense of murder in the first degree, the greater offense, may be charged in one count of an information, although by so doing several smaller offenses are also charged in the same count of the information. And in all cases an offense may be set forth in a single count of an information, although such offense may include the smaller offense, an attempt to commit the principal offense. Sections 121 and 122 of the criminal code read as follows:

"SEC. 121. Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the decree charged in the indictment, and guilty of any degree inferior thereto, or an attempt to commit the offense.

"SEC. 122. Upon the trial of an indictment for a felony,

the defendant may be found guilty of any other felony or misdemeanor necessarily included in that with which he is charged in the indictment or information."

Section 283 of the act relating to crimes and punishments makes an attempt to commit an offense an offense of itself, and so far as it is necessary to quote such section, it reads as follows:

"SEC. 283. Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense, but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof, shall, in cases where no provision is made by law for the punishment of such attempt, be punished as follows:" etc.

And Mr. Wharton in his Precedents of Indictments gives the form of an indictment for embezzlement, which includes, among others, the following words: A. B., the defendant, "fraudulently and feloniously did take, make way with and secrete, and did embezzle and convert to his own use, without the assent of the said C. D., his master and employer, the said" embezzled property, etc.

See also 1 Bish. Cr. Proc., 3d ed., §§ 436, 443; 4 Am. & Eng. Encyc. of Law, 756; *The State v. Lillie,* 21 Kas. 728; *The State v. Blakesly,* 43 id. 250.

As we understand, it is claimed that the present information is not good, for the reason that each count first charges the crime of *actual* embezzlement, and then charges a second offense by charging that the defendant made way with the same property and secreted it with the *intent* to embezzle and convert the same to his own use. This certainly does not render the information bad, for all these charges could have been shown under the single charge of actual embezzlement; for if a person commits the offense of actual embezzlement he must commit all the rest above specified. He cannot commit the offense of actual embezzlement without also attempting and intending to commit such offense; and he cannot commit the offense without also converting the property of his em-

ployer in his hands and which he embezzles to his own use, and without also attempting and intending to so convert it. All that was material in the aforesaid charge was included in the one charge of actual embezzlement. Besides, in the present case, before the defendant was called upon to introduce any evidence, the state elected to rely for a conviction upon the single charge of *actual* embezzlement and of the embezzlement of a *particular thing;* and this election was as to each count, and the defendant was convicted upon this election, and upon this election only. What we have said with reference to the first count may also be said with reference to all the other counts upon which the defendant was convicted.

IV. The next question presented is with regard to the introduction of evidence. It is claimed that the court below erred in permitting the prosecution to introduce incompetent and irrelevant evidence, to the prejudice of the substantial rights of the defendant; and again, the question is presented whether two or more criminal charges can be included in one and the same information, though in separate counts, and tried upon a single trial. It is claimed that they cannot, for the reason that evidence competent to prove one charge would necessarily be irrelevant and incompetent as to the other charges, and that the introduction of such evidence would be prejudicial to the substantial rights of the defendant. Of course the first part of this claim is generally true, and the last part of the same is sometimes true; but where the last part is true, the court in its discretion will require that a separate trial shall be had upon each separate charge. We do not think that the rights of the defendant were improperly prejudiced in the present case. Undoubtedly the court and the jury understood perfectly well for what purpose each item of the evidence was introduced; and the jury did not use the evidence, introduced to prove one charge, for the purpose of sustaining some other charge. This question, however, was sufficiently considered in the consideration of the question whether charges for separate and distinct felonies could be united in separate counts of one information. There was

some other evidence introduced which was irrelevant and incompetent to prove any of the charges, the most of which, however, after being introduced, was expressly withdrawn by the court from the jury; and we cannot think that the defendant's substantial rights were prejudicially affected by any of such evidence. All the evidence was intended to show the defendant's transactions in connection with the bank. And nothing was introduced to show that he had acted in any respect in any worse manner as to the affairs of the bank than he had acted in doing the very things of which the jury found him to be guilty, and of which he was unquestionably guilty.

V. The next complaint of the defendant is, that the jury were permitted to separate after the trial and before they had rendered their verdict. The facts were these: The trial was closed just before the adjournment for the day, on May 14, 1890, at eight o'clock in the evening. Before the adjournment, the court instructed the jury that if they should agree upon a verdict before the meeting of the court on the next morning, they might reduce their verdict to writing, inclose it in a sealed envelope and then separate until the meeting of the court the next morning, and then return the verdict into court; and the court also properly admonished the jury with regard to their conduct during the separation. The jury in fact agreed upon a verdict during the night, reduced it to writing, inclosed it in a sealed envelope, then separated, and on the next morning returned it into court, where the envelope was opened and the verdict read to the jury, and they were asked if that was their verdict, and they answered in the affirmative. No objection to the above was interposed by the defendant or his counsel, although they, as well as the counsel for the state, were present in the court when it all occurred. Certainly no material error, if any error at all, was committed in this. (See Criminal Code, § 235; *The State v. Muir*, 32 Kas. 481; *Bishop v. Mugler*, 33 id. 145.)

VI. Complaint is also made that the court below erred in rendering a cumulative sentence. The court below sentenced the defendant upon four different charges, set forth in four sep-

arate counts of the information, to imprisonment in the penitentiary for six years in the aggregate, which was one year more than the defendant could have been sentenced for upon any one of such charges. We think there was no error in this. (Criminal Code, § 250; *The State v. Carlyle,* 33 Kas. 716; *The State v. Chandler,* 31 id. 201.) If a defendant in a criminal prosecution can be tried upon an information charging in separate counts several separate and distinct felonies, he may certainly be convicted and sentenced upon each of such counts upon which he is convicted, and where the sentence upon each count is for imprisonment in the penitentiary, the imprisonment may, under § 250 of the criminal code, be cumulative, and the imprisonment under one count may commence at the expiration of the imprisonment under another count.

We think no material error has been committed in this case, and the judgment of the court below will be affirmed.

All the Justices concurring.

*Per Curiam:* The facts of the case of THE STATE OF KANSAS v. A. C. EMMONS, from Marshall district court, and the questions of law involved therein, are substantially the same as those in the case of *The State v. Hodges,* just decided, and this case will be decided upon the authority of that case. Judgment affirmed.