No. 31,429

THE STATE OF KANSAS, *Appellee*, v. CLARENCE THOMPSON and ORVILLE McGARY, *Appellants*.

(29 P. 2d 1101.)

Opinion filed
March 10, 1934.

*A. J. Thompson*, of Horton, and *M. A. Bender*, of Holton, for the appellants.

*Roland Boynton*, attorney-general, *Everett E. Steerman*, assistant attorney-general, and *Lloyd S. Miller*, county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendants were tried and found guilty on an information charging them in the first count with rape of a woman, and in the second count with robbery of a man of an automobile. Defendants appeal, and assign as error denial of a motion to quash the information on the ground distinct and dissimilar felonies were improperly joined.

The information charged the offenses were committed on the same day, and that is all defendants' abstract discloses with reference to commission of the two crimes. Therefore the question presented is the purely abstract one, whether rape of a woman and robbery of a man may be joined in one information. Whether the joinder were permissible depended on the circumstances, and the district court could not declare, as a matter of legal prophecy, that such a joinder may never be allowed under any state of facts. Even if it seemed unlikely the joinder could be sustained, it was not error for the court to deny the motion to quash. The court could wait until the testimony disclosed the relationship or want of relationship between the two offenses, and if

it should appear they were so disconnected and disparate they should not be tried together, the court could then require the state to elect upon which charge it would proceed. (*State v. Hodges*, 45 Kan. 389, 26 Pac. 676.)

Defendants' abstract discloses no motion of defendants to require the state to elect. There is no complaint of prejudice in fact resulting from a single trial on both charges, and the abstract withholds from the court all information which would enable it to say whether prejudice did or did not result. The court may not reverse unless prejudice to substantial rights is made to appear, and discussion of the motion to quash might well end here. The state, however, has abstracted the testimony, and the subject of misjoinder may be considered in the light of the facts.

A girl just over eighteen years of age and a young man were riding at night in his Ford automobile. Defendants, in a Chevrolet automobile belonging to the father of one of them, overtook the Ford, crowded it off the pavement, and compelled the driver to stop. Defendants had handkerchiefs over their faces. One of the defendants entered the Ford and, with a pistol held at the young man's back, compelled him to drive here and there. The other defendant followed in the Chevrolet. Finally the driver of the Ford was required to drive into a cornfield. The Chevrolet followed. The girl and the young man were ordered out of the Ford. One of the defendants then took the girl some distance to a tree, gagged her, bound her hands with a strap, and outraged her. He then tied her feet with her shorts, left her, and went back to the vicinity of the automobile, where the other defendant had been guarding the young man. The returning defendant then took the pistol and stood guard over the young man while the other defendant went to the tree and ravished the girl. He left her gagged and bound, and returned to the automobiles. The young man was then stripped of all his clothing except his shoes and socks. Defendants then left, taking both automobiles and the young man's clothing.

There is no statute prescribing what felonies may be prosecuted under separate counts of a single information, and the strict rules of the common law have been so modified by judicial decision in this state and elsewhere that they no longer prevail. This result has been reached by decision of specific cases. In the growth of the law on the subject generalizations have been made attempting to

cover the cases already decided. Subsequent cases have been brought within the reason of the generalizations.

In the case of *State v. Hodges,* 45 Kan. 389, 26 Pac. 676, the syllabus reads:

"Several separate and distinct felonies may be charged in separate counts of one and the same information, where all the offenses charged are of the same general character, requiring the same mode of trial, the same kind of evidence and the same kind of punishment; and the defendant may be tried upon all the several counts at one and the same time; all resting in the sound judicial discretion of the trial court." (¶ 2.)

In this state there is but one mode of trial for felonies, and since the abolition of capital punishment there is but one kind of punishment for all felonies—imprisonment in the state penitentiary. The term of imprisonment may be longer or shorter, but it is imprisonment in the state penitentiary which makes a crime a felony.

A charge of murder in the first degree includes homicides of lesser degree. If murder in the first degree were a capital crime while murder in lower degrees and rape were not, this court perceives no reason why a charge of the capital crime committed in connection with perpetration of rape, and a charge of rape, could not be joined.

The supposed common characteristic of felonies which may be joined, proof by the same kind of evidence, was pertinent in the Hodges case, which involved several embezzlements from a bank by one of its officers. But that test of joinder is not universal. In the case of *State v. Odle,* 121 Kan. 284, 246 Pac. 1003, the syllabus reads:

"Two distinct sexual offenses (rape and incest) charged under different sections of the statute, each arising from a separate and distinct act of illicit sexual intercourse between the same parties but on different occasions, may be included in separate counts of the same information."

In the Odle case the only common element in the proof was sexual intercourse between the same persons. One offense required proof of force and violence. The other offense involved consent, and required proof of relationship of the parties, something which had nothing to do with rape. The result is, felonies requiring the same kind of proof in part only may be charged in the same information.

That offenses must be of the same general character is not always a sound test of joinder. In this instance the two crimes charged were of the same general character, in that they both involved force and violence to the person. That, however, would not necessarily

be sufficient. To illustrate: As the culmination of a long standing quarrel about a line fence, a farmer kills his neighbor. He goes to town, and the same afternoon, while in an excited frame of mind, he becomes involved in an altercation about a business matter, and makes an assault with some kind of a deadly weapon with intent to kill. While the offenses are of the same general character, there should be separate informations and separate trials. The only reason this is so is, there would inevitably be some jumbling of the two cases at the trial, which would tend to prevent that concentrated consideration of each case which is indispensable in matters of such gravity.

The reason for separate charges and separate trials fails when the acts constituting the crimes are linked together in a series in such manner they constitute one comprehensive transaction, and this is true whether or not the crimes are of the same general nature. To illustrate: A man breaks and enters a dwelling house in the night-time with felonious intent, and so commits burglary. He steals a large sum of money and much valuable jewelry, and so commits grand larceny. He ravishes a woman in the house. On being discovered in the house, he kills a man, and so commits murder. To conceal his crimes, he sets fire to the house, which burns, and he thus commits arson. These exhibitions of conduct are so concatenated in time, place, and circumstance, they constitute one composite event. The various felonies are separate, not in relation to each other, but only in definition in the statute book, and there is no reason why they should not be joined in separate counts of one information.

In this instance, each defendant was an accessory to the crime of rape committed by the other, and the taking of the Ford was merely a concluding act performed in connection with those occurrences. If the girl had been alone, and her car had been taken, there can be no doubt the felonies could be joined, and the fact the car belonged to her companion did not affect the essential unity and identity of the hideous transaction beginning when the cars stopped in the cornfield and ending when they were driven away.

The court does not deem it wise to state a fresh generalization respecting joinder of felony charges in the same information. To do so might hinder further development of the law to include unforeseen exceptional cases.

An assignment of error that a motion to quash the second count

of the information on the ground of duplicity was denied, is not "strongly" pressed, and is without merit.

A plea in abatement, alleging defendants were not held to answer the charge of robbery, was denied. The complaint and warrant charged robbery. In writing up his docket, the justice of the peace before whom the preliminary examination was held inserted the following entry:

"The court finds the crime of . . . grand larceny has been committed, as charged in the complaint, . . . It is therefore by the court considered, ordered and adjudged that the said defendants be bound over for trial to the district court."

The defendants were held to answer for whatever was charged in the complaint, and the interpretation of the complaint by the justice of the peace was of no consequence.

The judgment of the district court is affirmed.