No. 40,635

THE STATE OF KANSAS, *Appellee*, v. ARLEY C. BROWNING, *Appellant*.

(320 P. 2d 844)

Opinion filed January 25, 1958.

*James B. Harrison,* of Wichita, argued the cause and was on the briefs for the appellant.

*Keith Sanborn,* deputy county attorney, argued the cause, and *John Anderson, Jr.,* attorney general, *Robert E. Hoffman,* assistant attorney general, and *Warner Moore,* county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal in a criminal prosecution wherein defendant was charged, convicted and sentenced under multiple charges contained in two separate and independent informations.

The two cases were consolidated for trial in the court below but because of the particular questions involved as to the informations we shall, when necessary for clarity, refer to the cases by the numbers assigned in the lower court.

Count one of the information in case No. A-59693 charged that defendant, on or about February 28, 1956, had in his possession and control a .38 caliber revolver after having been convicted of armed robbery, constituting a felony, in 1950 at Keystone, Oklahoma, and in count two that at the same time he had in his possession and control a .22 caliber automatic pistol after having been convicted of the robbery in 1950 at Keystone, Oklahoma.

Count one of the information in case No. A-59694 charged defendant with commission of robbery in the first degree on Mark A. Blum on December 29, 1955; in count two with commission of robbery in the first degree on Don M. Easley and Mattie L. Easley on January 4, 1956; in count three with commission of robbery in the first degree on Charles H. Church on January 4, 1956; in count four with commission of robbery in the first degree on Cecil F. Ward and Charlene Ward on January 29, 1956; and in count five with commission of attempted first degree robbery.

The information in case No. A-59693, counts one and two, was

drawn under G. S. 1955 Supp. 21-2611; and in case No. A-59694 counts one to four, inclusive, were drawn under G. S. 1949, 21-527 while count five was drawn under G. S. 1949, 21-101 and 21-527.

Case No. A-59694 was called for trial and the state immediately requested consolidation of case No. A-59693 with No. A-59694 for the reason that if evidence were introduced concerning other crimes involving defendant, it could not be used in a later trial of defendant for those other crimes. The defendant then lodged an objection to the consolidation on the grounds that reference to convictions of former felonious acts, as part of the counts alleging possession of firearms, would prejudice the defendant; that possession of a firearm by a convicted felon is not a type of offense that might have been properly admitted as an additional count in the original information; that it is not a type of offense upon which the state might have relied on the original charge, or information, upon which defendant was to be tried; that there was no relation between the charges in the information in case No. A-59694, which were offenses against persons, and the charges in the information in case No. A-59693, not of the nature of offenses against persons, nor are the two crimes related by act or deed. This objection was overruled by the trial court under G. S. 1949, 62-1449 and *State v. Momb*, 154 Kan. 435, 119 P. 2d 544, and the case proceeded to trial.

During the trial the defense offered the evidence of three character witnesses, two of whom testified as to his character since the time of the alleged commission of the crimes. The third witness testified that those with whom he had discussed the alleged commission were deeply surprised that defendant was involved in this kind of an affair and it had been, ". . . a shock to all of us knowing Browning since he came to Wichita." A fourth witness was called and at the conclusion of this witness's testimony, the trial court, on its own motion, struck all of his testimony.

The jury returned a series of verdicts finding the defendant guilty on all seven counts. A motion for new trial by defendant was overruled by the trial court and this appeal was taken by the defendant. The period of the sentences is of no materiality since there is no contention raised by defendant in regard thereto.

In his specifications of error defendant complains of the joining of the information in case No. A-59693 with the information in case No. A-59694; of failure to rearraign defendant after the cases were consolidated; and the striking of the testimony of defendant's

character witness, Dale Whit, and admonishing the jury to disregard such evidence.

Defendant and another witness testified the guns referred to in case No. A-59693 as being in defendant's possession after he had been convicted of robbery in Oklahoma were the same guns that were used in the incidents resulting in the four counts of first degree robbery and the fifth count of attempted first degree robbery in case No. A-59694. Thus from the very nature of things the guns were inextricably involved in both cases. In case No. A-59693 the possession of the guns was the gravamen of the offense charged while in the other case, possession and display of the guns constituted an ideal medium by which the robbery victims were placed in such fear of some immediate injury to their persons as is contemplated under G. S. 1949, 21-527. It is inescapable that in both cases possession of the guns made the offenses charged of the same general character (*State v. Brown*, 181 Kan. 375, 312 P. 2d 832) so that defendant could be tried under all seven of the counts charged against him if they were all in one information. As to whether it was proper for the state to request, and the trial court to grant, the consolidation of the two cases, we believe this question is fully answered in the affirmative by the terms of G. S. 1949, 62-1449 which reads:

"When one is properly charged in one or more counts of a complaint, indictment, or information with an offense, or offenses, against any of the laws of the state, and upon the trial of the action evidence is admitted of other offenses which might have been included as other counts in the complaint, indictment, or information, or on which the state might have elected to rely in the action then being tried, a conviction or acquittal on the charge, or charges, as made in the complaint, indictment, or information, shall operate as a bar to any subsequent prosecution of the same person in another action for any act or acts for which the state could have asked for a conviction under the complaint, indictment or information in the former trial."

It must follow that not only was the state warranted in requesting consolidation but it was necessary so to do unless a later prosecution in case No. A-59693 was intended to be waived by the state because as soon as the guns in question were brought into case No. A-59694, which was the first to be tried, under the testimony of the defendant and the other witnesses, then a subsequent prosecution of defendant in case No. A-59693 for possession of those same guns, after he had been convicted of a felony, would have been barred. In *State v. Momb*, supra, which presented the same legal question,

the subsequent proceedings were held to be barred. In the Momb case the court construed the statute (G. S. 1949, 62-1449) and stated that a plea in abatement should have been allowed in the lower court.

Ordinarily the question of proper joinder of offenses rests in the exercise of the trial court's sound judicial discretion and here, as in the case of *State v. Aspinwall,* 173 Kan. 699, 252 P. 2d 841, the consolidation of the cases was proper.

Defendant's statement in citing *State v. Thompson,* 139 Kan. 59, 62, 29 P. 2d 1101, was a mere illustration of a hypothetical situation where two felonies could not be joined or tried under one information and does not apply to this case. However, a complete reading of the Thompson case shows it does give the subject a detailed treatment. In this regard, see, also, *Struble v. Gnadt,* 164 Kan. 587, 191 P. 2d 179.

A further contention is that joining the counts as to possession of guns in case No. A-59693 with the robbery counts of case No. A-59694 provided the state with a means of showing previous convictions that could not have otherwise been shown in the state's case in chief. We are not impressed with the contention that such a rule could be determinative of this phase of a criminal prosecution and in any event, it is not before us in this case.

Defendant now complains, admittedly for the first time, of not being rearraigned after the consolidation order. He seeks to be excused from failure to object to proceeding with the trial because that would have been a useless gesture since the trial court had overruled any further objections on his part. The language of the trial court was:

"Let the record show the Court overrules any further objections, and will admit the consolidation of the counts under Section 62-1449, and under the ruling of the Supreme Court in the case of *State versus Momb.* . . ."

The above ruling of the trial court followed objections to the consolidation made by counsel for defendant and a statement by his counsel that the objection "pretty well" covered it. The trial court was obviously referring only to objections relating to the consolidation. Since defendant proceeded to trial without timely objection on the ground that he had not been rearraigned, he cannot now be heard to complain thereof. (*State v. Davis,* 106 Kan. 527, 188 Pac. 231; *State v. Radke,* 168 Kan. 334, 339, 212 P. 2d 296.)

Turning now to defendant's last contention that the trial court erred in striking the testimony of his fourth character witness, we

find from the record that the witness had not known the defendant for a sufficient period of time to qualify as a character witness and he so stated. Defendant was asked questions that affected only his truth and veracity. His testimony could only have been cumulative of the three preceding character witnesses. It is not necessary to burden the opinion with the detailed testimony of this witness. Defendant's contention—that no mention of his possessing a bad character means that his character is good—certainly has no application in this case.

Since no prejudice to defendant's substantial rights is shown to have resulted in this case, the judgment will not be disturbed.

Judgment affirmed.