No. 44,794

M. T. (Pete) Hamilton, *Appellant*, Clarence J. Kurth, *Appellee.*

(431 P. 2d 531)

Opinion filed September 18, 1967.

*Morris H. Cundiff,* of Wichita, argued the cause, and *A. Martin Millard,* of Wichita, was with him on the brief for the appellant.

*Philip Kassebaum,* of Wichita, argued the cause, and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt, John E. Rees, Robert T. Cornwell, Willard B. Thompson, David W. Buxton, John T. Conlee, John Prather, Richard Stephenson,* and *Douglas D. Johnson,* all of Wichita, were with him on the brief for the appellee. *Hugo T. Wedell,* of Wichita, of Counsel.

The opinion of the court was delivered by

Price, C. J.: This is an action for damages resulting from an intersection collision in the city of Wichita.

At the close of plaintiff's evidence the trial court sustained defendant's motion for a directed verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law—thus barring recovery.

Plaintiff has appealed from that ruling.

Very briefly stated—plaintiff's evidence was to this effect:

On a Sunday afternoon in December plaintiff was driving north on Piatt street. It had snowed the night before and the streets were covered with ice and snow. On Piatt, traffic had more or less pushed the snow to the curbs and there was a fairly well defined traffic-lane, but the street was still slick. As plaintiff approached the intersection with 10th street he was traveling 15 to 20 miles per hour and he had his car under control. The intersection was "open" —there being no stop signs on either street. 10th street was covered with snow. He looked to the east and saw nothing. A house on the southwest corner of the intersection prevented a clear view to

the west until a north-bound driver was just about even with the south line of 10th street. As plaintiff reached this point he looked to the west and saw defendant's car approaching—about five to seven car-lengths away. Plaintiff proceeded on north into the intersection, but before he was through it his car was struck by defendant's car. Plaintiff's car was knocked into the yard at the northeast corner of the intersection and he was thrown from it. Defendant's car came to a stop on the north side of 10th street, east of Piatt, facing west. Plaintiff sustained personal injuries and damage to his car.

Applicable rules have been stated many times (*Casement v. Gearhart*, 189 Kan. 442, Syl. 1 and 2, 370 P. 2d 95; *Deemer v. Reichart*, 195 Kan. 232, Syl. 2, 404 P. 2d 174; *Gardner v. Pereboom*, 197 Kan. 188, Syl. 6, 416 P. 2d 67), and there is no occasion to repeat.

There are instances, of course, in which a trial court is completely justified in removing the question of a plaintiff's contributory negligence from the jury—but we are unable to say that this is one of them. Examining plaintiff's evidence in this case we are of the opinion it did not convict him of contributory negligence as a matter of law. Reasonable minds could well differ on the question, and therefore the matter should not have been removed from the jury.

The order of the trial court sustaining defendant's motion for a directed verdict at the close of plaintiff's evidence is reversed with direction to grant a new trial.