No. 45,321

STATE OF KANSAS, *Appellee,* v. LARRY JOE COLLINS, *Appellant*

(460 P. 2d 573)

Opinion filed November 8, 1969.

*Wilmer E. Goering,* of Wichita, argued the cause, and was on the brief for the appellant.

*Reese Jones,* Assistant County Attorney, argued the cause and *Kent Frizzell,* Attorney General, *Keith Sanborn,* County Attorney, and *Russell E. Grant,* Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action from a conviction and sentence on two charges of second degree burglary and grand larceny in connection therewith contrary to K. S. A. 21-520 and 21-524.

The appellant specifies the trial court erred in (*a*) consolidating the two cases against him for purposes of trial; (*b*) permitting the prosecuting attorney to examine his own witnesses by leading and suggestive questions; and (*c*) overruling his motion for a new trial based on the ground of newly discovered evidence.

Briefly stated, the evidence discloses that Larry Joe Collins (defendant-appellant) during the early evening hours of May 31, 1967, was in the company of John Patterson, his wife, Sharon Patterson, Gary Leach and Joe Campos in a tavern called Jenk's Jive in the city of Wichita, which is located near the Kansas Lighting Distributors, Inc.

There was "bad blood" between John Patterson and the appellant, which came about because the appellant started keeping company with Patterson's wife while Patterson was confined in the Sedgwick County jail. The purpose of the meeting at the tavern on the evening in question was ostensibly to call "a peace treaty." After Leach and Campos left the tavern, conversation soon turned to burglarizing the place next door, Kansas Lighting Distributors, Inc. Patterson testified he went into the alley, climbed up to the roof and entered the building through an attic window. Once inside he located the safe and rolled it to the door. Patterson then opened the door and went back to the tavern where he told the appellant the safe was ready to be punched. After an attempt to punch the safe was unsuccessful, it was loaded into the back of the appellant's automobile and taken to a residence at 2301 Mascot in the city of Wichita, which was occupied by Benny Ray Wolfenbarger and Raymond Czerniak. The safe was unloaded from the trunk of the

automobile, taken into the house where it was opened, and the contents removed. The safe was then hauled away and dumped into the river.

Patterson testified that after this incident he, his wife and the appellant went to Joe's Lounge where they again met Gary Leach and they "decided to get this Rose Bowl West." Patterson then told of the group breaking and entering into the bowling alley, removing the safe, taking it to the appellant's house, opening it, removing the contents, and finally throwing the safe into the river.

The appellant was charged with second degree burglary and grand larceny in one information for the burglary committed at the Kansas Lighting Distributors, Inc. He was charged in another information with burglary in the second degree and grand larceny for burglarizing the Rose Bowl West bowling alley.

Patterson turned state's evidence upon being granted immunity from prosecution for the Rose Bowl West incident.

Upon motion the trial court consolidated the two cases against the appellant for trial. The appellant entered pleas of not guilty, was tried to a jury and found guilty. He was sentenced as an habitual criminal pursuant to K. S. A. 21-107a and given twenty-five years in the state penitentiary on each burglary and larceny count, the four sentences to run consecutively.

The appellant, an indigent, was represented throughout the trial and on appeal by Wilmer E. Goering, a duly authorized practicing attorney appointed by the trial court to represent the appellant.

Appeal has been duly perfected specifying the errors heretofore indicated.

Over objection of the appellant the trial court consolidated the two cases against him for trial. On appeal the appellant relies primarily upon language in *State v. Thompson,* 139 Kan. 59, 29 P. 2d 1101.

It has been repeatedly held where separate and distinct felonies are charged in separate counts of one and the same information and all of the offenses charged are of the same general character, requiring the same mode of trial, the same kind of evidence, and the same kind of punishment, the defendant may be tried upon all of the several counts of the information at one and the same time, and in one trial. (*State v. Brown,* 181 Kan. 375, 312 P. 2d 832; and *State v. Anderson,* 202 Kan. 52, 446 P. 2d 844.)

Whether a defendant who is charged with several separate and distinct felonies, as above stated, may be tried upon all of the several counts of the information at one and the same time, and in one trial, rests in the sound judicial discretion of the trial court. (*State v. Brown,* supra.)

Upon motion of the state, the offenses with which the appellant was charged in the two cases were consolidated for trial because the offenses were of the same type, requiring the same mode of trial, the evidence as to both offenses would be interrelated, and the punishment in both cases would be the same.

No distinction is made in the law, as above stated, where separate informations are filed against the same defendant charging him with similar offenses, and the trial court sustains a motion to consolidate the two cases for trial. (*State v. Browning,* 182 Kan. 244, 320 P. 2d 844.)

The appellant in *State v. Brown,* supra, relied upon the same language in *State v. Thompson,* supra, asserted by the appellant herein. In *Brown* the decisions of this court were carefully analyzed and the arguments of the appellant herein were shown to have no merit on facts similar to those here presented.

In the instant case the chisel and hammer used to open each of the safes in question were shown to be the same. This was disclosed by an analysis of the paint from each of the safes recovered from the river and the hammer and chisel recovered from a trash barrel near the appellant's residence. Under these circumstances the state was confronted with the possibility that a prosecution for a second offense may have been barred under K. S. A. 62-1449 had the cases not been consolidated for trial. (*State v. Momb,* 154 Kan. 435, 119 P. 2d 544; and *State v. Browning,* supra.)

In the instant case the two burglaries and larcenies occurred on or about the same day, both crimes were committed in a single series of transactions, and some of the same evidence was needed to prove each offense. Under all of the circumstances heretofore related, the trial court did not err in consolidating the two cases for trial.

The appellant contends the trial court erred in permitting the state to refresh the memory of Wolfenbarger and Czerniak with previous statements made to and recorded by the Wichita police department, or in permitting the state to use leading questions to examine these state witnesses.

While ordinarily a party may not impeach his own witness, nor offer evidence for that purpose, he is not conclusively bound by the statements which the witness may make; and where a party has been entrapped or deceived by an artful or hostile witness, he may examine such witness as to whether he had not previously made contrary statements; and may, in the discretion of the court, be permitted to show what such contrary statements were. (*State v. Jones*, 202 Kan. 31, 48, 446 P. 2d 851.)

Wolfenbarger and Czerniak were both called as state witnesses and examined as accessories to the burglary of Kansas Lighting Distributors, Inc. A sledge hammer located in a back room of their house was used in the "peeling" of the safe. Two chisels were used, the larger one also came from the back room of their house.

Examination of these witnesses by the state disclosed them to be reluctant if not actually hostile. Over objection the trial court permitted these witnesses to be examined by leading questions concerning previous statements they had made to the police.

With respect to the witness Czerniak the appellant made no objection to any questions on the ground they were leading. Both witnesses testified it would refresh their memory to see a transcript of their previous statement disclosing their past recollection.

It has been stated a witness may refresh his recollection by reference to a writing or memorandum made by him shortly after the occurrence of the fact to which he relates and testify to the fact provided he then has an independent recollection of the subject matter. The weight and force of such testimony is for the trier of the fact. (*State v. Scott*, 199 Kan. 203, 428 P. 2d 458.)

An examination of the record presented herein discloses the situation to fit squarely within the foregoing rule.

The evidentiary rules applicable to the examination of witnesses in criminal trials are within the ambit of the civil code. (K. S. A. 62-1413; *State v. Wright*, 194 Kan. 271, 398 P. 2d 339; and *State v. Taylor*, 198 Kan. 290, 424 P. 2d 612.)

The form and admissibility of evidence is covered in K. S. A. 60-243 (*a*) and (*b*). It is specifically provided in 60-243 (*b*), *supra*, that "A party may interrogate any unwilling or hostile witness by leading questions." K. S. A. 60-420 provides for the impeachment of a witness by either party, including the party calling him. (See Gard, Kansas Code of Civil Procedure Annotated, § 60-243, pp. 210, 212.)

An examination of the record does not disclose the trial court erred in permitting the examination of Wolfenbarger and Czerniak by the prosecution on matters concerning which the appellant makes complaint. The appellant has failed to make it affirmatively appear that prejudicial error resulted from the court's rulings.

The appellant contends the trial court erred in overruling his motion for a new trial based on newly discovered evidence as to the Rose Bowl West burglary.

An investigator for the Wichita police laboratory who participated in an investigation of the apartment rented by the appellant and the surrounding area on June 1, 1967, stated that a search was made of some trash barrels in the vicinity of the apartment belonging to the appellant. In a trash barrel located behind the apartment, which is the next address to the north of the appellant, they found a brown sack containing a hammer and chisel. Upon examination the hammer and chisel were found to be the ones used to break open the two safes in question.

The appellant contends it was not until Patterson testified at the trial that he was informed as to the persons involved in the Rose Bowl West burglary, namely Gary Leach and possibly one Steve Campos. Neither of these two individuals could be located by the appellant at the time of trial. He contends, it was discovered after the trial was concluded, that these two individuals at the time in question lived in an apartment on the premises where the hammer and chisel apparently used in the burglaries were found in a trash barrel. He argues this evidence could not have been discovered prior to or at the time of trial.

It is to be noted the record discloses evidence that Leach was present at Jenk's Jive with the appellant prior to the first burglary and also met with the appellant and Patterson after the first burglary and participated in the second. The appellant's argument admits Leach lived in an apartment house adjacent to the home of the appellant at the time of the two burglaries.

Aside from this point, the evidence which the appellant claims to have been newly discovered was never offered in any form upon the hearing on the motion for a new trial. The evidence was not supported by affidavit, oral testimony or by deposition as required by K. S. A. 60-259 (g).

By reason of K. S. A. 62-1414, the provisions of 60-259, *supra,* are made applicable to criminal cases. K. S. A. 60-259 (*g*) provides:

"*Production of evidence.* In all cases where the ground of the motion is error in the exclusion of evidence, want of fair opportunity to produce evidence, or newly discovered evidence, such evidence shall be produced at the hearing of the motion by affidavit, or when authorized by the judge by deposition or oral testimony of the witnesses, and the opposing party may rebut the same in like manner."

Before a trial court is authorized to grant a new trial on the ground of newly discovered evidence, it must first be shown to the court's satisfaction that such evidence could not with reasonable diligence have been produced at the trial. (*State v. Leigh,* 166 Kan. 104, 199 P. 2d 504.)

No showing has been made by the appellant why reasonable diligence at the time of and during the trial could not have produced the evidence now claimed to have been newly discovered.

A careful review of the record fails to disclose the trial court erred in any of the particulars specified by the appellant.

The judgment of the lower court is affirmed.