No. 45,777

STATE OF KANSAS, *Appellee,* v. LEONARD KINCADE, *Appellant.*

(485 P. 2d 1385)

Opinion filed June 12, 1971.

*Robert Hall,* of Adams, Jones, Robinson & Manka, Wichita, argued the cause, and was on the brief for the appellant.

*Wallace W. Underhill,* deputy county attorney, argued the cause, and *Vern Miller,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: The defendant, Leonard Kincade, has appealed from the judgment and sentence of the district court of Sedgwick county for the offense of attempted burglary in the second degree (K. S. A. 21-101; 21-520).

The information charged defendant in two counts: attempted second degree burglary, and possession of a pistol after having been convicted of a felony (K. S. A. 21-2611). Prior to trial, defendant's motion for a separate trial on each count was overruled. As part

of the state's case, evidence was introduced showing defendant had previously been convicted of burglary in the second degree and grand larceny in Sedgwick county on June 17, 1966. At the conclusion of the prosecution's evidence, defendant's motion for discharge on count two (unlawful possession of a pistol) was sustained.

As his first point on appeal, defendant contends the trial court erred in failing to grant his motion for separate trials and in admitting into evidence his prior felony conviction. Defendant concedes that whether an accused who is charged with separate and distinct felonies may be tried upon all of the counts of the information at one and the same time rests within the sound judicial discretion of the trial court. (*State v. Brown,* 181 Kan. 375, 312 P. 2d 832; *State v. Millhaubt,* 144 Kan. 574, 61 P. 2d 1356.) The contention is made that a single trial on both counts was prejudicial because the state was permitted to introduce the previous conviction as a necessary element of count two when it "knew it could not prove knowledge, possession or any other elements necessary to sustain its burden of proof on Count Two."

The facts giving rise to the charges are not disclosed in the record. We are informed in appellee's brief, however, that at approximately 4:25 a. m. on March 1, 1969, police officers saw two men run from the vicinity of the attempted burglary and get into a white Thunderbird automobile. Defendant was identified as the driver of the car. A short time later the Thunderbird, with defendant driving, was stopped, and the arresting officers found an automatic pistol in the console between the driver and passenger seats. Obviously, the two offenses occurred at or about the same time, both grew out of the same transaction, and some of the same evidence was needed to prove both offenses. Under the circumstances, the state was confronted with the possibility that a prosecution for a second offense would be barred under K. S. A. 62-1449 were the offenses not tried at the same time. (*State v. Collins,* 204 Kan. 55, 460 P. 2d 573; *State v. Browning,* 182 Kan. 244, 320 P. 2d 844; *State v. Momb,* 154 Kan. 435, 119 P. 2d 544.)

In *State v. Anderson,* 202 Kan. 52, 446 P. 2d 844, we held:

"Where separate and distinct felonies are charged in separate counts of one and the same information and all of the offenses charged are of the same general character, requiring the same mode of trial, the same kind of evidence, and the same kind of punishment, the defendant may be tried upon all of the several counts of the information at one and the same time, and in one trial.

The fact that one of the counts with which the defendant is charged consists of the possession of a pistol after conviction of a felony, contrary to K. S. A. 21-2611, does not alter the foregoing rule." (Syl. 3, p. 52.)

Defendant's assertion of bad faith on the part of the state in prosecuting him for both offenses in one trial in order to get his prior record before the jury is not supported by the record. The state, in attempting to prove the firearms charge, was required to show defendant's prior conviction of one of the enumerated felonies as an essential element of the offense (K. S. A. 21-2611). (*State v. Duke,* 205 Kan. 37, 468 P. 2d 132.) For that matter, defendant's prior conviction for burglary and larceny was relevant and admissible under K. S. A. 60-455 with respect to the charge of attempted second degree burglary. (*State v. Omo,* 199 Kan. 167, 438 P. 2d 768.) Such evidence must be offered in the state's case in chief (*State v. Roth,* 200 Kan. 677, 428 P. 2d 58), and contrary to defendant's contention its admission is not dependent upon K. S. A. 60-447, where the accused is first required to open the door by introducing evidence of his good character (*State v. Anderson,* supra). A limiting instruction approximating the law as stated in the statute (60-455) was given without objection. (See, *State v. Jenkins,* 203 Kan. 354, 454 P. 2d 496.) We hold that defendant was not prejudiced by joinder of the offenses in one trial and that there was no error in the admission of his prior felony conviction.

Defendant's remaining points center on the fact that, although count one of the information charged only the offense of attempted burglary in the second degree, the court instructed the jury, substantially, in the words of K. S. A. 21-524 (larceny in connection with burglary), and the jury returned a verdict finding defendant guilty of "attempted second degree burglary and larceny as charged." This matter was first brought to the attention of the trial court immediately prior to sentencing, and defendant was sentenced solely for the crime of attempted burglary in the second degree.

The argument is now made that the entire verdict was a nullity for the reason the court lacked jurisdiction. Defendant relies on *State v. Minor,* 197 Kan. 296, 416 P. 2d 724, where we held a judgment of conviction for manslaughter in the first degree based upon an information which did not charge such offense was void for lack of jurisdiction of the subject matter. Here, unlike *Minor,* the information sufficiently charged the crime of attempted second degree burglary which was the only offense for which sentence was imposed.

The assertion that prejudicial error resulted from the court's instruction under 21-524 and the jury's verdict which erroneously included the offense of larceny is completely untenable. No objection to the instruction or verdict form was interposed at the time of trial. Actually, there is nothing in the record indicating the point was ever stressed at any time in the court below, including at the argument on the motion for new trial. It is axiomatic that instructions should be confined to the charges contained in the information. (See, *State v. Booker,* 197 Kan. 13, 415 P. 2d 411.) Instructions given in violation of the rule, however, have been excused in cases such as here, where the defendant's substantial rights have not been prejudiced. (*State v. Barbour,* 142 Kan. 200, 46 P. 2d 841.) Under all the circumstances, there was no infringement of defendant's due process rights. The instruction and verdict pertaining to larceny may be regarded as harmless error, neither justifying nor requiring a reversal of the conviction (K. S. A. 62-1718).

The judgment is affirmed.