No. 46,174

Bobby S. Sims, *Appellant,* v. Benjamin L. Schrepel, *Appellee.*

(492 P. 2d 1312)

Opinion filed January 22, 1972.

*Bill Murray,* of the firm of Hampton, Murray & Hampton, of Pratt, argued the cause and was on the brief for the appellant.

*Robert Wunsch,* of the firm of Wunsch, Wunsch & Gaumer, of Kingman, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: This lawsuit grows out of an accident occurring at an open intersection. Two vehicles were involved, a county sand or dump truck driven by plaintiff, Bobby S. Sims, and a passenger car operated by the defendant, Benjamin Schrepel. Trial was

commenced before a jury. At the conclusion of the plaintiff's evidence, the defendant moved for summary judgment. The trial court treated the motion as one for a directed verdict and sustained the same on the ground that plaintiff's evidence established contributory negligence as a matter of law. The plaintiff has appealed.

Before discussing the plaintiff's evidence, we shall consider plaintiff's complaint that he should have been permitted to submit his case to the jury on the theory that the defendant was guilty of gross and wanton negligence. In such event, the plaintiff argues, contributory negligence would not be available as a defense. (See cases in 4 Hatcher's Kansas Digest [Rev. Ed.] Negligence, § 28.)

While our decisions are to such effect, they can be of scant comfort to the plaintiff in this case, for his petition does not allege gross and wanton negligence on the defendant's part; the allegations charge no more than ordinary negligence and provide no basis for a claim of wantonness. In *Fabac v. St. Louis & S. F. Rly. Co.,* 119 Kan. 58, 63, 237 Pac. 1019, this court said:

"It is true a petition must state facts sufficient to constitute a cause of action. If the cause of action be failure to exercise such reasonable care as would be expected of an ordinarily prudent and careful person under the circumstances, the petition must exhibit it. If the cause of action be wantonness, the petition must exhibit wantonness. This results from the distinction between negligence and wantonness recognized in *K. P. Rly. Co. v. Whipple,* 39 Kan. 531, 18 Pac. 730, . . ."

See, also, *Railway Co. v. Baker,* 79 Kan. 183, 98 Pac. 804; *Frazier v. Cities Service Oil Co.,* 159 Kan. 655, 157 P. 2d 822.

So far as the record is concerned the only reference to reckless conduct appears to be the observation made by plaintiff's counsel, when he proffered evidence concerning the defendant's driving record and habits, that should the jury find the defendant was a reckless driver and was reckless at the time of this accident, contributory negligence would not be a defense. But no motion was made at that time to amend the petition by alleging wanton conduct nor was any such motion made subsequently. Gross and reckless conduct was never injected into this case as an issue.

Thus we are called upon to determine whether the trial court was correct in deciding as a matter of law that, under his own evidence, the plaintiff was guilty of contributory negligence. The rules under which we must make this determination have been stated frequently

(*Hamilton v. Kurth*, 199 Kan. 572, 431 P. 2d 531) and doubtless are well known to members of the legal profession.

To reiterate briefly: Contributory negligence is ordinarily for the jury to determine; it is only when reasonable minds might not differ that it may be decided as a question of law. In determining whether a party has been shown guilty of contributory negligence as a matter of law, the testimony in his favor must be accepted as true and if the facts be such that reasonable minds might arrive at differing conclusions the question must be submitted to the jury and may not be decided by the court as a question of law. (*Deemer v. Reichart*, 195 Kan. 232, 404 P. 2d 174, *Gardner v. Pereboom*, 197 Kan. 188, 416 P. 2d 67.)

Briefly, the plaintiff's own testimony discloses that he was about 200 yards from the county intersection when he first saw defendant's vehicle, which was then a quarter of a mile away; that he continued to observe the oncoming vehicle from distances of 150 yards, 100 yards, 50 yards and 25 yards from the intersection and he observed it for the last time just as he was entering the intersection; that he, plaintiff, was proceeding at 40 to 45 miles per hour and he estimated defendant was traveling from 70 to 80 miles an hour; that defendant gave no indication of stopping or slowing down, although plaintiff figured defendant would stop because everybody does.

Testifying further, the plaintiff stated he did not slacken his own speed but continued straight on into the intersection without swerving to the right or the left and without applying his brakes; that he could have braked and come to a stop when he was 100 feet east of the intersection; that the defendant was farther from the intersection than he was and he thought he had plenty of time to get through the intersection; that defendant must have been going faster than he, the plaintiff, had thought.

At the time of the collision, plaintiff was proceeding west and the defendant was traveling north. The point of impact within the intersection was described by the highway patrolman who investigated the accident as being 4 feet south of the centerline of the east-west road and 7 feet west of the east edge of the north-south road. This testimony varied somewhat from the account given by plaintiff, who said he thought he was on his own side of the road and was nearly through the intersection when his truck was struck by defendant's car just ahead of the saddle tank—which we understand is located directly behind the cab.

The slight variance as to the point of impact appears immaterial, for from all indications the two vehicles were on a collision course. The trooper testified that the collision would have taken place even though the plaintiff's truck had been at the north edge of the east-west road, although the right rear dual wheels of the truck would probably have been struck rather than the saddle tank.

In announcing his ruling on the defendant's motion for summary judgment the able trial judge sagely remarked that if the plaintiff figured he could clear the intersection first, he was playing a game of Russian Roulette—and he lost. We believe the figure of speech is not only picturesque, but apt. Although fully aware of the defendant's car bearing down upon him at a high rate of speed, the plaintiff continued on his predetermined course without deviation or change of speed. We do not in the least condone the defendant's part in this unfortunate accident, but we nonetheless entertain the opinion that, under the test this court has laid down in prior cases, the plaintiff is shown by the record to have been guilty of contributory negligence as a matter of law. The facts fit well within the pattern seen in *Ray v. Allen*, 159 Kan. 167, 152 P. 2d 851 and *Jarboe v. Pine*, 189 Kan. 44, 366 P. 2d 783.

A second claim of error must be noted. One of the grounds contained in plaintiff's motion for new trial was that of newly discovered evidence. The motion was supported by an affidavit executed by plaintiff's counsel to the effect that a witness had been discovered who farmed near the road where the accident occurred and who would testify that on many prior occasions he had seen defendant traveling north on the road at speeds of 100 miles or more. The court's refusal to grant a new trial on the basis of newly discovered evidence is assigned as error.

This specification of error must be rejected. In the first place there was no showing that the evidence could not have been discovered with reasonable diligence in time to be used at the trial as required by K. S. A. (now 1971 Supp.) 60-259 (*a*), *Fifth*. In *State v. Leigh*, 166 Kan. 104, 199 P. 2d 504, this court said:

"The granting or denial of a motion for new trial on the ground of newly discovered evidence rests largely in the sound discretion of the trial court. It must first be shown to that court's satisfaction that such evidence could not with reasonable diligence have been produced at the trial . . ." (p. 112.)

See, also, *State v. Collins*, 204 Kan. 55, 61, 460 P. 2d 573.

In the second place, the plaintiff is not shown to have complied with the provisions of K. S. A. (now 1971 Supp.) 60-259 (g):

"In all cases where the ground of the motion is error in the exclusion of evidence, want of fair opportunity to produce evidence, or newly discovered evidence, such evidence shall be produced at the hearing of the motion by affidavit, or when authorized by the judge by deposition or oral testimony of the witnesses, and the opposing party may rebut the same in like manner."

This statute, also, was before the court in *State v. Collins*, supra, and the following comment was made:

". . . [T]he evidence which the appellant claims to have been newly discovered was never offered in any form upon the hearing on the motion for a new trial. The evidence was not supported by affidavit, oral testimony or by deposition as required by K. S. A. 60-259 (g)."

It is quite true that in the present case counsel for plaintiff executed an affidavit. His affidavit, however, does not constitute a compliance with the statute. In *Laughlin Motors v. Universal C. I. T. Credit Corp.*, 173 Kan. 600, 251 P. 2d 857, a contention was made on appeal that the trial court had erred in refusing to admit the proffered testimony of two witnesses as the same was set forth in the appellant's motion for new trial. Neither of the witnesses, however, had signed the affidavit required by 60-259 (g), although appellant's counsel had signed one. In that situation the court held:

". . . Neither of those witnesses made any affidavit to be used on the motion for a new trial. There was an affidavit made by one of the attorneys for defendant. This has been held to be not in conformity to our statute. . . . It is the testimony of the witness that is required to be shown on the motion for a new trial—not a statement by the attorney of what the witness would have testified to had he been permitted to answer the question." (p. 608.)

Other points raised relate to the admissibility of evidence going to the defendant's driving habits and reputation. In view of the disposition being made of this appeal, we find it unnecessary to decide those questions.

Prejudicial error has not been made to appear and the judgment is affirmed.