No. 45,244

State of Kansas, *Appellee*, v. John C. Caldrone, *Appellant*.

(451 P. 2d 205)

Opinion filed March 8, 1969.

*Edward M. Boyle,* of Olathe, argued the cause, and *Howard E. Payne, W. C. Jones, Robert P. Anderson, Keith Martin, H. Thomas Payne, John T. Flannagan, John H. Johntz, Jr.,* and *Max Logan,* all of Olathe, were with him on the briefs for the appellant.

*Hugh H. Kreamer*, Assistant County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, and *James W. Bouska*, County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: The defendant, John C. Caldrone, appeals from a conviction of possessing burglary tools in violation of K. S. A. 21-2437. In the same information defendant was charged with attempted grand larceny but was acquitted of that charge.

According to the state's evidence, Mrs. Jean Nickel, a resident of Prairie Village, heard pounding noises outside her house at about 5:00 a. m., on September 3, 1967. She looked out and saw a man pounding on a cigar truck driven by her neighbor, Mr. Dozier, and owned by Niles & Moser Cigar Co. Mrs. Nickel called the police and officers Morrow and Smith arrived within a few minutes, at 5:14 a. m.

As the officers arrived, the headlights of their police car revealed a man by the Dozier truck. The officers put a spot light on the man and described him as wearing dark trousers and a light sweater. The man ran and officer Morrow pursued. Morrow heard a car door slam, ran to the car and found defendant dressed in dark trousers and a light green sweater.

Morrow and Smith found various tools in the car and in the trunk. The tools and devices included tin snips, bolt cutters, hatchet, screwdrivers, a shortwave transistor radio with a listening device, and a telectron garage door opener.

Detective Fred Hauser of the Kansas City, Missouri, Police Department, testifying as an expert, gave his opinion that the tools and devices were commonly used as burglary tools. Hauser also testified that he had known the defendant for nineteen or twenty years and that four prior convictions of defendant for burglary and larceny, set out in an exhibit offered by the state, were convictions of defendant in the State of Missouri.

Dozier, driver of the truck, testified the truck had a burglar alarm, that it was in operation and controlled by the doors and brakes. He described the hole, found the following morning, which had been cut into the side of the truck. He said the truck contained cigars of the value of approximately $3,000 and that three boxes of cigars were missing. The missing boxes were not in defendant's possession when he was apprehended.

Although numerous points are raised on appeal, only two basic

issues are involved: (1) joinder of the two charges in one information and (2) the constitutionality and interpretation of K. S. A. 21-2437.

Defendant claims error by the trial court in overruling his motion for separate trials as to attempted grand larceny, charged in Count I, and possession of burglary tools, charged in Count II.

In this jurisdiction the question of joinder of separate felonies in one information is viewed largely as a question of procedure resting in the sound judicial discretion of the trial court. (*State v. Brown,* 181 Kan. 375, 312 P. 2d 832; *State v. Aspinwall,* 173 Kan. 699, 252 P. 2d 841, and *State v. Neff,* 169 Kan. 116, 218 P. 2d 248, cert. den. 340 U. S. 866, 95 L. Ed. 632, 71 S. Ct. 90; and *State v. Hodges,* 45 Kan. 389, 26 Pac. 676.) While the exercise of judicial discretion by a trial court in determining whether joinder is permissible depends on the circumstances attendant in a particular case (*State v. Thompson,* 139 Kan. 59, 29 P. 2d 1101), generalized guidelines are well-established. In general terms where offenses constitute one comprehensive plan, transaction or where one offense is a corollary to the other, they may be joined as separate counts in one information and tried in one trial. (*State v. Martin,* 175 Kan. 373, 265 P. 2d 297; *State v. Aldrich,* 174 Kan. 335, 255 P. 2d 1027; *State v. Aspinwall,* supra, and *State v. Brown,* supra.)

In the recent case of *State v. Omo,* 199 Kan. 167, 428 P. 2d 768, the consolidation for trial of charges in two informations consisting of burglary, larceny and possession of a pistol after a conviction of a felony was held not to be prejudicial error warranting a new trial. In *State v. Browning,* 182 Kan. 244, 320 P. 2d 844, the defendant was charged in one information with two counts of possession of a pistol, after being convicted of armed robbery, and in another information with four counts of armed robbery and one count of attempted robbery, all at different times. Over objection, defendant was tried in one trial for all offenses contained in both informations. On appeal this court affirmed, holding the question of joinder to rest in the discretion of the trial court and that consolidation of the two informations for trial did not amount to prejudicial error.

Under the circumstances of this case, the offenses of attempted larceny and possession of burglary tools, are certainly corollary to each other and a part of one comprehensive plan.

In view of the evidence submitted a separate trial here, as to

either offense, would have barred a subsequent prosecution on the other under the provisions of K. S. A. 62-1449.

We find no error in the trial court's rulings denying a motion for separate trials or in overruling defendant's subsequent motion for a mistrial for failure to separate.

Directing our attention now to the charge of possession of burglary tools, we shall examine the points raised by defendant. We should first point out that this case was tried November 13, 1967. The trial court did not have the benefit of our decision in *State v. Hart*, 200 Kan. 153, 434 P. 2d 999, announced on December 9, 1967. The statute involved, K. S. A. 21-2437, reads as follows:

"That any person who makes, mends, designs, or sets up, or who knowingly has in his custody or concealed about his person, any instrument or any other mechanical devices whatsoever, nitroglycerine or other explosive, designed or commonly used for breaking into any vault, safe, railroad car, boat, vessel, warehouse, store, shop, office, dwelling house, or door, shutter or window of a dwelling of any kind shall be guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the penitentiary for not less than one year nor more than three years."

The defendant here, by asserting similar reasoning to that advanced by the appellant in the *Hart* case, argues that K. S. A. 21-2437 is unconstitutional because it fails to prescribe on its face a requirement of intention. Defendant's assertion is answered by our decision in *Hart* where we held:

"As construed in this opinion, K. S. A. 21-2437 is not invalid as being uncertain and vague or as being otherwise unconstitutional." (Syl. ¶ 6.)

It was pointed out in the *Hart* opinion that, although the Kansas statute omits specific reference of intent, a proper construction of 21-2437 requires an intent on the part of one having burglary tools in his possession, to employ those tools in burglarious activities.

Further, in the *Hart* opinion the court said:

"There is no language in the present statute clearly indicating that criminal intent is not required, nor can such an inference be drawn from its language. Moreover, consideration of the subject matter of the statute, and the general purpose to be served thereby, leads us unerringly to the conclusion that the gravamen of the offense proscribed by the statute is, so far as this case is concerned, the possession of burglary tools intending they be put to a burglarious use. Otherwise, the innocent possession of ordinary tools which are suitable for and commonly used in unlawfully breaking and entering another's property, might very well subject an honest workman to the statute's penalty. Certainly the legislature intended no such outlandish result when it enacted this legislation. . . ." (p. 157.)

We concluded in *Hart* that the statute so construed was free of constitutional infirmity.

Our decision in *Hart* was followed by that in *State v. Jerrel*, 200 Kan. 415, 436 P. 2d 973, announced on January 27, 1968. Jerrel was charged jointly with Hart in the district court of Cloud County. On appeal Jerrel, like Hart, attacked the constitutionality of 21-2437 as being unreasonably vague and indefinite. We reviewed the rationale of our holding in *Hart* and adhered to that decision.

Defendant now asks that we reconsider our holding in *Hart*. We have carefully examined his arguments and find them to essentially stem from the same reasoning as that advanced in the Hart and Jerrell appeals. We are not persuaded and adhere to the conclusions reached in *Hart* and *Jerrel*.

Defendant next contends the trial court erred in overruling his motion to quash the amended information, since it did not allege an element of intention to put the tools to a burglarious use and was therefore fatally defective.

The accusatory portion of the amended information reads as follows:

". . . one JOHN C. CALDRONE did then and there unlawfully, willfully, feloniously and knowingly have in his custody instruments commonly used for breaking into safes, warehouses, stores, shops, offices, and dwelling houses, to-wit:"

Then follows a list of tools found in defendant's car.

It is true, the information did not in so many words charge a criminal intent, however, it is drawn in the language of the statute, preceded by the adverbs unlawfully, willfully, feloniously and knowingly. We believe the information amounts to a statement of the facts constituting the offense in plain and concise language and serves to fully apprise defendant of the charge in compliance with the provisions of K. S. A. 62-1004.

This court has repeatedly held that an information is good if it states the offense in the language of the statute. (*State v. Eason*, 163 Kan. 763, 186 P. 2d 269; *State v. Rafferty*, 145 Kan. 795, 67 P. 2d 1111; 5A West's Kansas Digest, Indictment and Information, § 110; 3 Hatcher's Kansas Digest [Rev. Ed.], Indictment & Information, § 32.) In *State v. Hillis*, 145 Kan. 456, 65 P. 2d 251, an information was held sufficient to charge the offense of petty larceny, without additional words, to charge criminal intent. In *State v. Morris*, 124 Kan. 505, 260 Pac. 629, an information charging forgery under R. S.

21-608, now K. S. A. 21-608, omitted the words "with intent to defraud." Neither was the phrase included in the language of the statute. We find this statement in the opinion:

"A good form book is a valuable adjunct to the office equipment of a prosecuting attorney, and he would do well to consult it before drawing an information in an important criminal case; but the day is past in this jurisdiction, we trust, when criminals can hope to go unwhipped of justice because of the want of a technical recital in a criminal information which neither misled nor prejudiced them in the preparation or management of their defense. There is no pretense here that defendants did not understand they were on trial for the fraudulent making of a writing—a check on a Hiawatha bank—to the prejudice of the owner of the filling station, and the bank, and the man whose name they wrote on the check. In such circumstances not only was the first count of the information sufficient, but the criminal code forbids this court to set at naught the judgments entered against defendants under the circumstances. (R. S. 62-1718 [now K. S. A. 62-1718].) . . ." (p. 508.)

While as indicated in *State v. Morris*, supra, good pleading would have included an allegation of intent to make burglarious use of the tools possessed, we believe the information drawn in the language of the statute, preceded by the adverbs noted, was sufficient to charge an offense of possessing burglary tools.

Next defendant claims error in overruling his motion for discharge on the ground that the evidence was legally insufficient as to Count II. On this point defendant argues that there was no inference or suggestion made by the state of anything that defendant intended to do other than to attempt to rob the cigar truck. Since the jury acquitted defendant of larceny and, further, since a truck is not included as an item in the statutory list of places or things defined in K. S. A. 21-2437, defendant says there was insufficient evidence of a purpose in possessing the tools to justify submission of the matter to the jury.

The state answers that it was never contended that the tools, found in the trunk of the defendant's car, were actually used to cut into the truck since the time element would have precluded the defendant from putting them back in the trunk of the car while being pursued by the police. The state's position seems to be that possession of tools for any burglarious purpose is sufficient.

The state's position is in line with what was said in *State v. Hart*, supra:

"It is appropriate to observe, however, that an intent to use the tools in a particular or specific burglary is not required. The intent is sufficient if it consists of a general purpose to employ the instruments in the course of bur-

glarious episodes, whenever and wherever opportunity might present itself. (12 C. J. S., Burglary, § 69, p. 754; *People v. Taylor*, 410 Ill. 469, 102 N. E. 2d 529.)" (pp. 157, 158.)

The defendant overlooks relevant evidence on the point. Detective Hauser testified that he had previously examined all of the tools and devices listed, that they were commonly used by thieves for breaking into stores, safes, shops, cars, etc., and that the screwdriver was specially good as a pry. While Hauser was on the stand, records of four prior convictions of the defendant for burglary and larceny were offered for the purpose of proving defendant's intent. Hauser further testified that he had known defendant for nineteen or twenty years and that the prior convictions referred to were defendant's convictions in Missouri. Evidence of prior convictions of larceny and burglary is admissible, under proper instructions, and relevant and material to the issues whether burglary tools were possessed with the intent that they be used for burglarious purposes. (K. S. A. 60-455, *State v. Jerrel*, supra.) Proof of intent may be inferred from the circumstances which attend the possession of burglary tools. (*State v. Hart*, supra.)

We believe the evidence sufficient to warrant determination by the jury of the question whether defendant here possessed the tools and devices found in his car with the requisite intent to employ them in burglarious pursuits.

The most critical point raised by defendant, and that which compels a reversal, concerns the instructions submitted to the jury.

The instructions are set out in full in the abstract. Defendant objects to Instruction No. 10 as submitted because it failed to require intention in connection with possession. In this instruction the trial court attempted to set out the elements of the offense of possessing burglary tools, as charged in Count II. The instruction set out the language of the statute and then defined the term "knowingly" as follows:

"The term 'knowingly' as used in the above statute means with knowledge that the tools were within the persons (*sic*) custody and know that the same are commonly used for effecting a 'breaking into.' "

The defendant contends that failure to mention the requirement of intent in any manner or to include in the court's definition of "knowingly" a statement that the term means an intent on the part of a possessor to use the instruments for breaking into one of the items listed in the statute makes the instruction fatally incomplete. Defendant requested an instruction defining the word "knowingly" in accord with his theory. The requested instruction was rejected.

The state counters defendant's contention by arguing that the trial court's Instruction No. 7 meets the issue. No. 7 was a general instruction defining the terms "unlawfully," "feloniously" and "willful." Feloniously was defined as meaning with intent to commit a crime.

Examining the chronological order and structure of the instructions, as a whole, we are unable to agree with the state. The definitions set out in Instruction No. 7 are not connected by reference with the elements of the offense set out in Instruction No. 10. The definition of "feloniously" as meaning intent to commit a crime in Instruction No. 7 does not fulfill the requirements of intent to use for burglarious purposes required by our interpretation of the statute in the *Hart* decision. Moreover, we believe that Instruction No. 10, in the form submitted, implies that a complete statement of the elements of the offense are contained therein, thereby misleading the jury. The term "knowingly" as defined therein means the jury need only find that an accused in possession of burglary tools, knows that he has custody thereof, and that such tools are commonly used to effect a breaking into. In other words, under the instructions as submitted, the jury could convict without finding intent by the possessor of burglary tools to put them to burglarious use. We said in *Hart*:

". . . the gravaman of the offense proscribed by the statute is, so far as this case is concerned, the possession of burglary tools intending they be put to a burglarious use. Otherwise, the innocent possesion of ordinary tools which are suitable for and commonly used in unlawfully breaking and entering another's property, might very well subject an honest workman to the statute's penalty. . . ." (p. 157.)

Under the circumstances related the failure to instruct that intent on the part of a possessor, to employ instruments and devices, as described in the statute in burglarious activities, resulted in substantial prejudice to defendant's rights. Thus defendant is entitled to a new trial.

In *State v. Hart,* supra, the trial court submitted instructions which we found to adequately state the law governing a case involving a violation of K. S. A. 21-2437. As an aid to members of the bench and bar, instructions dealing with the issues raised were included as an appendix to the *Hart* opinion. We call attention thereto.

The judgment is reversed with directions to grant a new trial.