No. 45,882

STATE OF KANSAS, *Appellee,* v. JOHN C. CALDRONE, *Appellant.*

(473 P. 2d 66)

Opinion filed July 17, 1970.

*Edward M. Boyle,* of Payne & Jones, Chartered, of Olathe, argued the cause and was on the brief for the appellant.

*Hugh H. Kreamer,* assistant county attorney, argued the cause, and *Kent Frizzell,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: In November, 1967, defendant John C. Caldrone was convicted by a jury of possessing burglary tools in violation of K. S. A. 21-2437. In the same trial he was acquitted of a charge of attempted grand larceny from a truck. Defendant appealed his conviction upon the burglary tool offense to this court with the result that, because of failure to instruct the jury as to the requisite intent, the judgment was set aside with directions to grant a new trial (*State v. Caldrone,* 202 Kan. 651, 451 P. 2d 205).

New trial has now been had and defendant was again convicted of the offense of possession of burglary tools. He again appeals.

We will state the facts pertinent to the specifications of error as each is discussed. First the appellant challenges various orders of the trial court overruling his objections and request for instructions in connection with the admission into evidence of the circumstances immediately preceding his apprehension and arrest in the case.

The state's evidence revealed the following:

At about 5:00 a. m. on September 3, 1967, a Mrs. Nickol, a resident of Prairie Village, heard noises outside her house. She looked out and saw a man pounding upon the side of a panel truck parked in her neighbor's driveway. She awakened her husband who called the police. A patrol car containing officers Morrow and Smith was cruising in the neighborhood and arrived almost immediately. The police car threw a light on the man. Mrs. Nickol and the two officers observed he was wearing dark trousers and a light-colored shirt or jacket. The man ran between two houses. Officer Morrow jumped out of his car and ran after the man but the man cut back toward the street and eluded pursuit in the darkness. As Officer Morrow returned to the street he heard a car door slam, a motor starting, and the sound of a car moving. No lights were visible on the car. It moved down the street past four houses and pulled into a driveway to turn around. Officer Morrow then caught up with the car, drew his revolver and stopped the vehicle. Appellant was the driver. He appeared to be out of breath. He had on dark trousers and a light green sweater. Appellant stated to the officer he had been drinking and driving around, had become sleepy and had pulled his automobile over and fallen asleep. Officer Smith returned to the scene and appellant was arrested and his car searched. The alleged burglary tools were found inside the vehicle.

At appellant's first trial the prosecution's evidence revealed the panel truck was equipped with a burglar alarm connected to its doors and brakes; a hole had been cut in the side of the truck that night; the truck contained cigars of a value of about $3,000; three boxes of cigars were missing from the truck; none of the missing boxes was in appellant's possession when he was apprehended.

At the second trial these facts were not revealed to the jury but at appellant's request were presented to the trial judge outside the presence of the jury (a different judge had presided at the first trial). Appellant sought throughout to keep from the jury any evidence from which it might be inferred he was the man seen pounding on or standing by the panel truck. Failing this through various adverse rulings made by the court at the request of the prosecution, appellant sought an instruction to the jury that he had been charged with and acquitted of attempted grand larceny of cigars from the truck. The trial court denied any such instruction or information going to the jury and denied an instruction limiting evidence of

events prior to appellant's arrest by Officer Morrow for the purpose of showing why the police were in the area. Appellant's counsel did state to the jury appellant had been charged for crime against the truck and had been acquitted but the court, at the prosecution's request, admonished the jury to disregard counsel's statement. The trial court also refused admission of appellant's proffered evidence that police laboratory inspection and tests indicated the tools found in his automobile could not have made the hole found in the truck.

The basis of appellant's contention really is he was prejudiced by reception of evidence as to his presence at and connection with the truck when actually he had been acquitted in the first trial of attempted grand larceny from the truck, which he was not permitted to show. Appellant urges the prosecution was barred from showing what it did by reason of the doctrines of double jeopardy, *res judicata*, collateral estoppel and irrelevancy of evidence. Appellant argues the prosecution in presenting its case and opposing his requests took contradictory positions prejudicial to him. The various rulings complained of may be considered together.

Appellant contends that under the facts presented the alleged offense of possession of burglary tools was a lesser included offense to that of attempted larceny and his acquittal of the latter should bar further prosecution for possession of the burglary tools. He points to language in our first *Caldrone* opinion, in rejecting the contention there made of improper joinder of offenses in a single trial, that under the facts disclosed the offenses of attempted larceny and possession of burglary tools are corollary to each other and a part of one comprehensive plan. That which was said does not justify the conclusion sought to be reached by appellant. We did order new trial on the burglary tool charge and the fact remains that the elements constituting the offenses of attempted larceny and possession of burglary tools are not the same. The two are separate and distinct offenses. That two offenses are alleged or shown to have been committed at or substantially near the same time so they may be tried together does not change their essential relation to each other. Appellant has never been placed in jeopardy more than once for the same offense.

Appellant argues it has been conclusively litigated by reason of his acquittal on the attempted larceny charge that he was not the person seen near the panel truck and pursued in the darkness by the police and that evidence giving rise to a contrary inference

should not have been permitted. The doctrines of *res judicata* and collateral estoppel urged by appellant have been accorded judicial recognition in the field of criminal law. Without going into them we have examined the precedent cited by industrious counsel but find none applicable under the facts here presented so as to compel the conclusion the prosecution was foreclosed from showing appellant's presence near the truck on the night in question.

The jury instructions contained the statutory definition of burglary tools:

". . . any instrument or any other mechanical devices whatsoever, nitroglycerine or other explosive, designed or commonly used for breaking into any vault, safe, railroad car, boat, vessel, warehouse, store, shop, office, dwelling house, or door, shutter or window of a dwelling of any kind. . . ." (K. S. A. 21-2437.)

The statute does not list a truck as one of the structures which may be the subject of burglary. Hence the tools found in appellant's car could not in any event be considered as burglary tools in connection with the truck and the state's evidence advanced no such contention. The jury was never advised of the hole cut in the side of the truck. Hence there was no occasion to tell them appellant's tools could not have cut the hole.

In *State v. Hart,* 200 Kan. 153, 434 P. 2d 999, we pointed out that an intent to use burglary tools in a particular or specific burglary is not required and the intent is sufficient if it consists of a general purpose to employ the instruments in the course of burglarious episodes whenever and wherever opportunity might present itself.

We think evidence of appellant's presence and activities, including flight, in a strange neighborhood at night (he was shown to be a resident of Kansas City, Missouri) from the time that presence was first noticed was relevant evidence on the question of the intent with which he possessed the tools in question. Proof of intent may be inferred from the circumstances which attend the possession of burglary tools (*State v. Hart,* supra). We hold the trial court did not err in any of the rulings made in connection with appellant's acquittal of the attempted larceny charge.

Appellant challenges the terminology used in certain of the instructions given. He argues they were defective in that they failed to define the term burglarious manner, and the requisite intent with which burglary tools are possessed was not declared to be a present intent. We think the complaints advanced are hypercritical. The

instructions used were those specifically approved and appended to our opinion in *Hart* and we adhere to that approval.

Among the items found in appellant's automobile and received in evidence were a radio containing a frequency band used by the Johnson county sheriff's office and the Prairie Village police department, a listening device attachment attuned to the radio frequency used by the Kansas City, Kansas, police department, a pamphlet on vehicle burglar alarms, two pairs of gloves and a pair of binoculars. Appellant complains certain of these items were not relevant evidence and further that the jury was not instructed, as requested, as to the limited purpose for which they might properly be considered. Obviously, in and of themselves, none of these items could alone accomplish an actual breaking of an enclosure. They were, however, as pointed out in *Hart*, items of a nature generally useful to one engaged in burglarious ventures and hence relevant on the question of intent. The jury was instructed generally upon the issue of the requisite intent and we do not think it was misled to appellant's prejudice by any failure to give further instructions as to how this paraphernalia should be considered.

Appellant asserts an unlawful search and seizure occurred by reason of the removal of the articles from his automobile. When Officer Smith returned to appellant's vehicle on the night in question two other police vehicles also arrived upon the scene. Appellant was arrested and searched. Officers Morrow and Smith looked inside the vehicle while appellant was in custody on the scene and saw the gloves, a hatchet, a ball bat, two screwdrivers, pliers, the radio and listening device, a punch, and a pair of tin snips. Officers Morrow and Smith then pulled appellant's vehicle to the side of the street, locked it, placed a police officer in charge, and took appellant to the Prairie Village station which was nearby. Officer Smith returned immediately to the vehicle and searched the trunk. Inside the trunk he found a pair of bolt cutters, two screwdrivers, and a pair of channel lock pliers. All of the items were then seized and constitute the challenged items admitted at trial over objection. Appellant did not give permission to search inside his car and he contends a search warrant was necessary before the search and seizure could be valid. We think not.

Appellant's arrest was legal and it is not contended otherwise. A reasonable search may be made incident to an arrest as to things within the immediate control of the accused, including a motor

vehicle, without a search warrant. To meet the test of reasonableness, a search may be incident to an arrest if it is substantially contemporaneous therewith and is confined to the immediate vicinity of the arrest. The reasonableness of the search depends upon the facts and circumstances of the particular case (*State v. Wood*, 197 Kan. 241, 416 P. 2d 729). Here seizable items were observed at the time of arrest. The whole process of arrest and search and seizure was substantially one contemporaneous action, and the search and seizure must be said to be reasonable (*State v. Brown*, 198 Kan. 473, 426 P. 2d 129; *State v. Omo*, 199 Kan. 167, 428 P. 2d 768).

Appellant complains one item, the tin snips, was considered by the jury although never actually received in evidence. Confusion in the record existed at the time the exhibit was proffered but upon the hearing of motion for new trial and trial judge stated his notes revealed the reception into evidence of the item. Thus it appears no irregularity occurred—certainly nothing of substantial import.

Appellant contends the trial court erred in receiving evidence of four previous convictions of the offenses of burglary and larceny, three being in 1954 and one in 1960. Although not specifically challenged in the prior appeal, we said respecting them:

"Evidence of prior convictions of larceny and burglary is admissible, under proper instructions, and relevant and material to the issues whether burglary tools were possessed with the intent that they be used for burglarious purposes." (p. 657.)

Appellant argues convictions thirteen and seven years old are too remote in point of time to be relevant. There can be no hard and fast rule laid down by which it can be determined when evidence of prior crimes becomes irrelevant because of intervening time. The matter is one which must be left largely to the discretion of the trial court (*State v. Yates*, 202 Kan. 406, 449 P. 2d 575). In *State v. Fannan*, 167 Kan. 723, 207 P. 2d 1176, a prosecution for burglary and larceny, convictions seventeen and ten years old were held properly admitted in evidence in a jury trial. We hold here the trial court did not abuse sound discretion in admitting the evidence.

Complaint is made of the court's instruction to the jury respecting the limited purpose for which the evidence of previous convictions might be considered. We have examined the instruction and think it fairly covered the issue upon which the evidence was relevant (*State v. Hart*, supra).

Appellant challenges the sufficiency of the evidence to sustain his conviction. He raised this same issued in his first appeal and it was determined adversely to him. We need not repeat the evidence. With the exceptions already noted, the same evidence was received at the second trial on behalf of the prosecution as at the first. We again hold that evidence sufficient to sustain a conviction.

Appellant also reasserts his contention the statute under which he was convicted, K. S. A. 21-2437, is constitutionally invalid because of vagueness and uncertainty. Here again that issue was determined adversely to appellant (*State v. Caldrone*, supra, Syl. ¶ 3) and further discussion is not warranted.

Appellant makes various contentions of error arising out of the admission of rebuttal testimony by the prosecution that an agent of the Federal Bureau of Investigation had had appellant under daily surveillance for a period of months immediately preceding the alleged offense during which time appellant had no legitimate employment. The evidence was properly admitted in rebuttal of appellant's testimony he had been working as a carpenter during the time in question. We have examined the argument made by the prosecution on this aspect of the evidence and we believe the trial court kept it within the proper bounds.

Appellant attacks the constitutionality of our habitual criminal act under which he was sentenced but concedes our cases are legion against his position. Various other alleged errors complained of, including denial of motion for new trial, have been examined but are without merit and require no discussion.

The judgment is affirmed.

APPROVED BY THE COURT.