No. 47,324

JOHN C. CALDRONE, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(524 P. 2d 228)

Opinion filed July 17, 1974.

*James L. Eisenbrandt*, of Soden, Eisenbrandt & Isenhour, of Mission, argued the cause and was on the brief for the appellant.

*J. J. B. Wigglesworth*, assistant district attorney, argued the cause, and *Vern Miller*, attorney general, *Margaret Jordan*, district attorney, and *Dale E. Hartung*, assistant district attorney, were with him on the brief for the appellee.

*Per Curiam*: In this postconviction proceeding under K. S. A. 60-1507 the appellant raises three points: (1) that his acquittal on a companion charge of attempted grand larceny exonerates him on the charge of possessing burglary tools, of which he was convicted in the same action, (2) that the habitual criminal statute, K. S. A. 21-107a, is unconstitutional in its discretionary aspects, and (3) that the habitual criminal statute is unconstitutional as applied by the court in imposing what the appellant insists was cruel and unusual punishment.

The question of res judicata or collateral estoppel arising from the larceny acquittal was adequately considered and disposed of on the appellant's direct appeal from his conviction in *State v. Caldrone*, 205 Kan. 828, 473 P. 2d 66, cert. den. 401 U. S. 916, 27 L. Ed. 2d 817, 91 S. Ct. 896. Hence, it will not again be reviewed in this action. Supreme Court Rule 121 (*c*) (3), 211 Kan. xliv, provides that a proceeding under K. S. A. 60-1507 cannot ordinarily be used as a substitute for a second appeal, and is controlling.

However, the appellant urges that the decision in *Ashe v. Swenson*, 397 U. S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189, places the doctrine of collateral estoppel within a new constitutional concept, and that we should consider his claim of former jeopardy or res judicata in the light of that decision. We have examined that decision and find nothing in it which would have affected the result reached in Caldrone's prior appeal. It may be appropriate here to point out that *Ashe v. Swenson*, supra, was handed down shortly before the *Caldrone* case was decided, although apparently it was not called to our attention at the time.

The question of the constitutionality of K. S. A. 21-107a was also presented and disposed of in *State v. Caldrone,* supra, but it is not clear that we specifically considered the alleged cruel and unusual punishment aspect of the statute. However, similar contentions have been presented to and considered by this court in other cases. ( See *Cipolla v. State,* 207 Kan. 822, 486 P. 2d 1391; *State v. Coutcher,* 198 Kan. 282, 424 P. 2d 865; *State v. Miles,* 213 Kan. 245, 515 P. 2d 742; *State v. Troy,* 215 Kan. 369, 524 P. 2d 1121.) In the light of those decisions and under the facts disclosed by the record in *State v. Caldrone,* supra, respecting appellant's past misdeeds, we view the sentence of thirty to sixty years imposed against him as an habitual criminal as neither cruel nor unusual.

The judgment of the court below is affirmed.