No. 47,945

STATE OF KANSAS, *Appellee,* v. JOHN C. CALDRONE, *Appellant.*

(543 P. 2d 1028)

Opinion filed December 13, 1975.

*Edward M. Boyle,* of Payne & Jones, Chartered, of Olathe, argued the cause and was on the brief for the appellant.

*Richard S. Wetzler,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Margaret W. Jordan,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal by defendant John C. Caldrone from an order of the trial court denying a motion filed under the provisions of K. S. A. 21-4603 (2) to reduce the minimum sentence previously imposed by the court. The state, as appellee, first claims the appeal should be dismissed for two reasons—first, the issue is moot; and second, defendant lacks legal standing to pursue the appeal. In the alternative, the state argues the trial court did not abuse its discretion in denying the motion to reduce the minimum sentence.

Defendant Caldrone was originally convicted in November, 1967, for possession of burglary tools in violation of K. S. A. 21-2437 (now 21-3717). Appeal from his conviction was brought to this court with the result that a new trial was granted for failure to properly instruct the jury. (*State v. Caldrone,* 202 Kan. 651, 451 P. 2d 205.) Thereafter, defendant was again tried and convicted of the offense of possessing burglary tools. On October 21, 1969, defendant was sentenced under the provisions of the habitual criminal act K. S. A. 21-107a (now 21-4504) to confinement for a term of not less than thirty years nor more than sixty years. On direct appeal, this court affirmed his conviction (*State v. Caldrone,* 205 Kan. 828, 473 P. 2d 66) and defendant began serving his sentence at the Kansas State Penitentiary in August, 1970. In July,

1974, we denied his subsequent motion for post conviction relief pursuant to K. S. A. 60-1507, and upheld the validity of the sentence imposed by the trial court. (*Caldrone v. State,* 215 Kan. 351, 524 P. 2d 228.)

On April 18, 1974, the Kansas Board of Probation and Parole notified the sentencing court by letter that it was recommending defendant's minimum sentence of thirty years be reduced in accordance with the procedures of 21-4603 (2). The Board noted that defendant had completed three years and eight months of his sentence and would not be eligible for parole consideration until August, 1985. The Board further advised the court that it had reviewed defendant's record and he was making a "satisfactory adjustment" at the prison and was considered by his supervisor to be a "model inmate." In view of the time defendant had already served, and his apparent good adjustment at the prison, the Board recommended defendant's thirty year minimum term be reduced to eight years, thereby making him eligible for parole in February, 1975. In accordance with its standard procedure the Board forwarded to the court a special progress report on defendant and a proposed "Order Reducing Minimum Sentence."

On August 12, 1974, subsequent to a statutory modification which transferred the authority to recommend sentence reduction under 21-4603 (2) from the Board to the secretary of corrections, the trial court received notification from the secretary of corrections that he concurred in the recommendation of the Board. Shortly thereafter, the court informed the secretary that it intended to hold a hearing on the merits of the recommendation. A hearing was held in open court on October 8, 1974. Evidence in favor of the motion was presented by the secretary of corrections and defendant, and the district attorney presented evidence in opposition to the motion. After hearing all the evidence and arguments of counsel, the court denied the motion on the ground the best interests of the public would be jeopardized by such reduction. The court specifically noted that it was bothered by the failure of the Board to make a more in-depth study of defendant's prior involvement in organized crime.

Defendant filed a notice of appeal from the trial court's denial of the motion to reduce sentence and counsel was appointed to represent him. The secretary of corrections subsequently filed a motion to withdraw his recommendation, stating that he had been given a hearing and did not wish to appeal. The trial court denied

the motion of the secretary and held that defendant had a right of appeal. The state thereafter filed a motion to dismiss, which was denied by this court with leave to renew at the hearing on the merits.

The statutory provision for reduction of the minimum term of confinement has not been considered by this court, despite the fact it has been in force in substantially the same form since 1957. (See, K. S. A. 62-2239, now 21-4603.) The statute provides:

". . . The court may reduce the minimum term of confinement at any time before the expiration thereof when such reduction is recommended by the secretary of corrections and the court is satisfied that the best interests of the public will not be jeopardized and that the welfare of the inmate will be served by such reduction. The power here conferred upon the court includes the power to reduce such minimum below the statutory limit on the minimum term prescribed for the crime of which the inmate has been convicted. The recommendation of the secretary of corrections and the order of reduction shall be made in open court."

It is clear that the trial court is granted the separate and distinct power to reduce the minimum sentence at any time after imposition of sentence if three conditions are satisfied: (1) The secretary of corrections recommends the minimum sentence be reduced, (2) the court finds the best interests of the public will not be jeopardized, and (3) the court finds the welfare of the inmate will be served by reducing the sentence below the minimum. Such power is permissive and rests largely within the broad discretion of the trial court. (*State v. Sargent*, 217 Kan. 634, 538 P. 2d 696.) The power to reduce the minimum term of confinement is expressly declared to include the power to reduce the sentence below the statutory limit on the minimum term prescribed for the crime of which the inmate has been convicted. It is also mandatory that the recommendation of the secretary of corrections and the order of reduction be made in open court.

An almost identical procedure for reducing the minimum term of confinement is included in the American Bar Association's Standards Relating to Sentencing Alternatives and Procedures, Approved Draft, 1968, § 6.2, p. 280; and at least one other jurisdiction has adopted essentially the same provision in its criminal code. (See, D. C. Code Ann. § 24-201c [1973].) We are unable to locate any clear authority as to the proper approach to the appellate review of a trial court's ruling on such a motion. Our statute is silent as to the manner of review. We are aware that in the past we have held the granting of probation is exclusively a function of the trial

court and not subject to review by an appellate court (*State v. Benson,* 207 Kan. 453, 485 P. 2d 1266), but we do not believe our procedure as to probation is determinative of the issue at hand. Probation is a continuing relationship requiring constant supervision which an appellate court could not provide. To the contrary, the reduction of a minimum term of confinement is based solely on the trial court's determination of the best interests of the public and the welfare of the inmate. It is a judicial determination and not an ongoing administrative process. A motion for reduction of a minimum sentence calls for the discretion of the trial court and we conclude it is consistent with the intent of the statutory provision, as well as the nature of the proceedings, that a trial court's denial of a motion to reduce be subject to appellate review by this court on the limited question of whether there was an abuse of discretion.

Another question arises as to who is the proper party to bring such an appeal. The state argues that since the sole authority for making a recommendation to reduce sentence is by statute vested in the secretary of corrections, any appeal must be brought by the secretary and not in the name of defendant alone. Applied to the present factual situation, the state's position is that when the secretary decided not to appeal the decision of the trial court, and attempted to withdraw his recommendation, the issue became moot and defendant did not have sufficient standing to raise the issue before this court since he was not a party to the hearing below. While it is true that defendant cannot bring a motion to reduce the minimum term of confinement on his own behalf, it is not correct to say that he is not an interested party in the proceedings. In recognition of defendant's interest in the hearing on the motion to reduce, the trial court allowed counsel for defendant to appear on his behalf at the hearing and argue in support of the motion. The district attorney also appeared at the hearing and argued in opposition to the motion. Defendant, under these circumstances, was an interested party in the outcome of the proceedings and would be adversely affected by a denial of the motion. Thus, it seems appropriate that he have a right of appeal to this court from an adverse determination by the trial court, despite the fact K. S. A. 21-4603 (2) requires the recommendation of the secretary of corrections prior to consideration of a motion to reduce. Accordingly, we hold defendant had standing to bring the instant appeal from the trial court's denial of the motion to reduce the minimum term

of confinement. The state's motion to dismiss the appeal for lack of standing is denied.

Proceeding to a consideration of whether the trial court abused its discretion in denying the motion, we will not burden this opinion with a recital of the evidence offered to support the motion. It is sufficient for our purposes to point out that the secretary of corrections offered the testimony of several corrections officials and others familiar with defendant's activities since his incarceration, to the effect that defendant was a well behaved prisoner and should have a reduction of sentence. Although the district attorney also called various witnesses to testify, he relied principally upon the testimony of Leone J. Flosi, an agent of the Federal Bureau of Investigation. Agent Flosi testified he had observed defendant on numerous occasions prior to his arrest in the company of numerous individuals who have been nationally recognized as members of organized crime. He also stated that defendant associated almost exclusively with the criminal element. The agent further testified that during the period in which he had observed defendant, he was unaware of any employment of defendant.

After reviewing the record and considering all the evidence before the trial court, we cannot say the court abused its discretion in denying the motion to reduce defendant's minimum term. In view of this determination, the question of mootness need not be reached.

The judgment of the trial court is affirmed.