NOT DESIGNATED FOR PUBLICATION

No. 119,706

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THOMAS E. BROWN JR.,
*Appellant*,

v.

MARTY SAUERS, WARDEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; SCOTT E. MCPHERSON, judge. Opinion filed March 22, 2019. Affirmed in part and dismissed in part.

*Bradley T. Steen*, of Law Office of B. Truman Steen, LLC, of Ellsworth, for appellant.

*Robert E. Wasinger*, legal counsel, of Kansas Department of Corrections, for appellee.

Before BUSER, P.J., POWELL, J., and STUTZMAN, S.J.

PER CURIAM: Thomas E. Brown Jr. appeals the district court's dismissal of his K.S.A. 2017 Supp. 60-1501 habeas corpus petition. Brown raises two issues on appeal. First, he contends that his indeterminate sentences violate the Eighth Amendment's prohibition against cruel and unusual punishment. Second, he claims the district court erred by summarily dismissing his request to compel a recommendation for a sentencing modification.

Upon our review, we find that we lack jurisdiction over Brown's cruel and unusual punishment claim, and the district court did not err by denying Brown's request for a

1

sentence modification recommendation. Accordingly, we affirm in part and dismiss in part.

FACTUAL AND PROCEDURAL BACKGROUND

In 1980, Brown was convicted of four counts of aggravated robbery. The Sedgwick County District Court sentenced Brown to four concurrent terms of 5 to 20 years in prison. Brown served about nine years in prison before he was granted parole in October 1989. In October 1992, Brown pled guilty to possession of heroin with intent to sell, possession of cocaine, and failure to affix a drug tax stamp. The Sedgwick County District Court sentenced Brown to consecutive terms of 3 to 10 years for possessing heroin with intent to sell, 3 to 10 years for possessing cocaine, and 3 years for failing to affix a drug stamp.

Brown received indeterminate sentences in his 1980 and 1992 cases before the Kansas Sentencing Guidelines Act (KSGA) went into effect. After the KSGA became law, the Sedgwick County District Court ruled that Brown was not eligible to have his indeterminate sentences converted to determinate sentences under the KSGA's retroactivity provisions.

After his 1992 convictions, Brown remained in prison for about 10 years until he was paroled in 2002. During the ensuing years, Brown violated his parole several times and served multiple stints in prison. In 2016, Brown was convicted of possession of heroin with intent to distribute and possession of marijuana. As a consequence, the Sedgwick County District Court sentenced Brown to a controlling term of 130 months in prison. Brown has been in prison since December 2016 and during this proceeding has been incarcerated at the Ellsworth Correctional Facility (ECF).

While at ECF, Brown asked the warden to modify his sentence by initiating the procedures set out in Internal Management Policy and Procedure (IMPP) 11-114. After

the warden refused Brown's request, the inmate filed a grievance against the warden. Brown's grievance was denied with the following response: "There is insufficient evidence for justification for a sentence modification and has been denied by the warden per IMPP 11-114. The warden also believes you are not serving an illegal sentence." The Secretary of Corrections (Secretary) upheld the denial of Brown's grievance.

In February 2018, after Brown exhausted his administrative remedies, he filed a K.S.A. 2017 Supp. 60-1501 petition in Ellsworth County District Court. In the petition, Brown asked the district court to order the warden to recommend a sentence modification for three reasons. First, he asserted his sentences were cruel and unusual punishment. Second, Brown claimed eligibility for a sentence modification under IMPP 11-114. Third, he argued that IMPP 11-114 is unlawful because it provides no means for an inmate to initiate a sentence modification under K.S.A. 2017 Supp. 21-6702(e). In response, the warden moved to dismiss Brown's petition.

The district court summarily granted the warden's motion to dismiss Brown's petition. In particular, the district court ruled that Brown's sentences did not amount to cruel and unusual punishment. The district court also found that it had no authority to modify Brown's sentences absent a recommendation by the Secretary. Finally, the district court determined that IMPP 11-114 is lawful. Brown appeals.

INTRODUCTION

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of

3

law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2017 Supp. 60-1503(a).

An appellate court exercises unlimited review over the summary dismissal of a K.S.A. 60-1501 petition. 289 Kan. at 649. Additionally, Brown's constitutional claim presents an issue of law subject to unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018). Finally, the interpretation of a statute is a question of law over which we have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

CRUEL AND UNUSUAL PUNISHMENT CLAIM

Brown first contends that his pre-KSGA indeterminate sentences must be modified because they violate the Eighth Amendment's prohibition against cruel and unusual punishment. Specifically, Brown calculates that, if he were sentenced under the KSGA, he would have received a 59-month prison term for his 1980 convictions and a 98-month prison term for his 1992 convictions. Brown argues the disparity between the 157-month total sentence under the KSGA and the 259 months he has actually served renders his indeterminate sentences unconstitutional as cruel and unusual punishment.

The warden responds that this issue "is more properly channeled through the sentencing court" and not through a K.S.A. 60-1501 petition. Alternatively, the warden argues that Brown's pre-KSGA indeterminate sentences do not amount to cruel and unusual punishment.

We find that we lack jurisdiction to consider Brown's Eighth Amendment claim of cruel and unusual punishment. Although neither party explicitly questions this court's jurisdiction, an appellate court has a duty to question jurisdiction on its own initiative. *Wiechman v. Huddleston*, 304 Kan. 80, 84, 370 P.3d 1194 (2016).

4

Our court only has appellate jurisdiction as provided by statute; with no statutory authority, we have a duty to dismiss the appeal. *Jenkins v. Chicago Pacific Corp.*, 306 Kan. 1305, 1308, 403 P.3d 1231 (2017). Moreover, if the district court lacked jurisdiction to enter an order, an appellate court does not acquire jurisdiction over the subject matter on appeal. *In re Care & Treatment of Emerson*, 306 Kan. 30, 33, 392 P.3d 82 (2017). Finally, whether jurisdiction exists is a question of law over which our scope of review is unlimited. 306 Kan. at 34.

To explain the jurisdictional issue, it is helpful to understand the distinctions between K.S.A. 60-1501 and K.S.A. 60-1507 actions. Both actions are civil habeas corpus proceedings. However, the two actions serve different purposes and each must be filed in the appropriate district court. See *McKinney v. State*, 27 Kan. App. 2d 803, 803-04, 9 P.3d 600 (2000) (holding that claims under K.S.A. 60-1501 that are filed in the wrong court are properly dismissed for lack of jurisdiction).

A K.S.A. 60-1507 motion allows a prisoner to challenge his or her conviction or sentence. On the other hand, a K.S.A. 60-1501 petition allows a prisoner to challenge the mode or conditions of his or her confinement. *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211 (1994). A K.S.A. 60-1507 motion must be filed in the sentencing court, while a K.S.A. 60-1501 petition must be filed in the county of confinement. K.S.A. 2017 Supp. 60-1501(a); K.S.A. 2017 Supp. 60-1507(a). Of particular relevance to this appellate issue, when a K.S.A. 60-1501 petition is filed with the district court in the county of the inmate's confinement, that court lacks jurisdiction to consider issues challenging the petitioner's sentence. 20 Kan. App. 2d at 67-68.

Brown's argument that his indeterminate sentences are cruel and unusual punishment is a challenge to his sentences. As a result, this claim must be brought in the district court where Brown was sentenced—the Sedgwick County District Court. Since Brown filed his K.S.A. 60-1501 petition in the Ellsworth County District Court, that

5

court lacked jurisdiction to consider Brown's claim that his sentences are cruel and unusual punishment. As a result, we do not acquire jurisdiction over this issue on appeal. Lacking jurisdiction to review Brown's first claim, we dismiss that portion of his appeal.

DISTRICT COURT'S DENIAL OF REQUEST FOR
SENTENCE MODIFICATION RECOMMENDATION

Brown next contends the district court erred by denying his request for an order compelling a recommendation for a sentence modification under K.S.A. 2017 Supp. 21-6702(e). In support of this claim, Brown argues that IMPP 11-114 is unlawful under the Kansas Judicial Review Act, K.S.A. 77-601 et seq., because it does not allow inmates to request or initiate a sentence modification recommendation from the Secretary. Brown asserts that his "only apparent mechanism for relief would be an appeal of a Department of Corrections action pursuant to K.S.A. 60-1501, and the only relief available would be an evidentiary hearing on that petition with an appropriate order if Petitioner meets his burden that he is eligible for a modification."

There are several problems with Brown's argument and each is detrimental to his claim. Before we examine these problems, however, we review the statute and administrative regulation at issue.

K.S.A. 2017 Supp. 21-6702 governs authorized dispositions for crimes committed before July 1, 1993. The specific subsection in question, K.S.A. 2017 Supp. 21-6702(e), states in part:

> "The court shall modify the sentence at any time before the expiration thereof when such modification is recommended by the secretary of corrections unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification. . . . Notice of the recommendation of modification of sentence and the

6

time and place of the hearing thereon shall be given by the inmate, or by the inmate's legal counsel, at least 21 days prior to the hearing to the county or district attorney of the county where the inmate was convicted."

Under this statutory language, unless the district court makes certain findings, the sentencing court must modify an offender's sentence if the Secretary recommends a sentence modification. Before the sentencing court may exercise the power to modify an inmate's sentence, however, "a recommendation must be made by the Secretary of Corrections." *State v. Dubish*, 236 Kan. 848, 855, 696 P.2d 969 (1985). Without a recommendation by the Secretary, any modification ordered by a district court results in an illegal sentence. *Barr v. State*, 8 Kan. App. 2d 173, 174-75, 651 P.2d 975 (1982). Although K.S.A. 2017 Supp. 21-6702(e) has been amended and recodified several times, it has been in force in a similar form since 1957. See *State v. Caldrone*, 218 Kan. 471, 473, 543 P.2d 1028 (1975).

The Kansas Department of Corrections issued IMPP 11-114 to implement and govern the sentence modification process under K.S.A. 2017 Supp. 21-6702(e). IMPP 11-114 provides that "[r]equests for [sentence modification] recommendations may be through the warden's initiative or as a result of informal requests by the Management Team." The process of initiating a sentence modification is provided for in IMPP 11-114(I), which states:

"I. Initiating the Sentence Modification Process

"A. The warden of each facility shall be the sole initiator of any formal recommendation to the Secretary of Corrections for the modification of the sentence of an inmate.

1. The warden shall base the recommendation on a report from the Unit Team which is approved by the Program Management Committee.

"B. The Secretary of Corrections shall be the sole initiator of any formal request to the sentencing court for the modification of the sentence of an inmate.

7

"C. Solicitations from the Secretary or Management Team shall ordinarily be in response to judicial or legislative inquiry and shall not be construed as a statement of support for sentence modification."

As provided by IMPP 11-114(I), only a facility's warden may initiate a formal recommendation to the Secretary for the modification of an inmate's sentence. IMPP 11-114(I)(A). In turn, the Secretary is the "sole initiator" of any formal request to the sentencing court for the modification of an inmate's sentence. IMPP 11-114(I)(B). Because IMPP 11-114 does not allow an inmate to formally initiate the sentence modification process, Brown claims IMPP 11-114 is unlawful and seeks to have the district court order a sentence modification recommendation though a K.S.A. 60-1501 petition.

*The Kansas Judicial Review Act Does Not Apply to IMPP 11-114*

Brown asserts that IMPP 11-114 is unlawful under the Kansas Judicial Review Act (KJRA). Specifically, Brown argues that, in issuing IMPP 11-114, the Kansas Department of Corrections "acted beyond the jurisdiction conferred by [any provision of] law" in violation of K.S.A. 2017 Supp. 77-621(c)(2) and "erroneously interpreted or applied the law" in violation of K.S.A. 2017 Supp. 77-621(c)(4).

Brown fails to recognize, however, that the KJRA does not apply to IMPP 11-114. Under K.S.A. 2017 Supp. 77-603(c)(2), the KJRA is inapplicable to agency actions "concerning the management, discipline or release of persons in the custody of the secretary of corrections." Because the KJRA does not apply to IMPP 11-114, Brown is not entitled to relief under its statutory provisions.

8

*IMPP 11-114 is Consistent with K.S.A. 2017 Supp. 21-6702(e)*

The crux of Brown's argument is that IMPP 11-114 is inconsistent with K.S.A. 2017 Supp. 21-6702(e) because an inmate has no means to initiate the sentence modification process. Instead, Brown argues IMPP 11-114 makes the warden the sole arbiter of whether a sentence recommendation should be made. Brown suggests that, "[a]s the authorizing legislation behind IMPP 11-114 contemplates that in the end, it is an inmate's burden to prove a modification recommendation by the Secretary under K.S.A. 21-6702(e), it goes to reason that the inmate should have some administrative mechanism to request that the Secretary make that recommendation."

Administrative regulations are presumed to be valid, and one who challenges them has the burden of showing their invalidity. *Mitchell v. Petsmart, Inc.*, 291 Kan. 153, 168, 239 P.3d 51 (2010). To be valid, an agency's rules or regulations must be consistent with the statute under which they are promulgated. Administrative rules and regulations must be appropriate, reasonable, and consistent with the law. *In re Tax Appeal of City of Wichita*, 277 Kan. 487, 495, 86 P.3d 513 (2004).

IMPP 11-114 is consistent with K.S.A. 2017 Supp. 21-6702(e). Under K.S.A. 2017 Supp. 21-6702(e), the sentencing court may modify an offender's sentence if that modification is recommended by the Secretary. But the statute is silent on the process of obtaining the Secretary's recommendation for a sentencing modification. IMPP 11-114 helps fill this void by requiring the warden to make a request for the Secretary's recommendation based on a Unit Team report. And, consistent with K.S.A. 2017 Supp. 21-6702(e), IMPP 11-114 provides that only the Secretary may formally request the sentencing court to modify an inmate's sentence.

Although K.S.A. 2017 Supp. 21-6702(e) requires an inmate to provide notice of the recommendation to the county or district attorney—which Brown suggests means an

9

inmate must prove the modification is warranted—it does not follow that an inmate must have a method to formally request a recommendation directly from the Secretary. As the district court reasoned:

"The legislative intent of K.S.A. 21-6702(e) seems clear: if and when the secretary recommends a sentence modification, then the inmate is given the opportunity to convince the court that it should accept that recommendation. If the legislature wished to provide other ways for the inmate to initiate the process, it easily could have done so."

Additionally, the process provided for in IMPP 11-114 is appropriate and reasonable. IMPP 11-114 allows those who regularly interact with an inmate to provide guidance and determine if that inmate should be considered for a recommendation. We also note that—as seen in this case—IMPP 11-114 does not prohibit an inmate from using informal means to begin the process for a potential sentence modification recommendation from the Secretary.

We hold that IMPP 11-114 is reasonable and consistent with K.S.A. 2017 Supp. 21-6702(e). As a result, Brown fails to show that IMPP 11-114 is invalid.

*Brown Fails to State a Constitutional Violation*

Finally, Brown fails to state a claim for relief under K.S.A. 2017 Supp. 60-1501. In recent years, our court has considered attempts by inmates to petition a district court for an order compelling the Secretary to recommend a sentence modification. See *Dykes v. Sauers*, No. 118,592, 2018 WL 3400781, at *2 (Kan. App. 2018) (unpublished opinion), *rev. denied* 308 Kan. 1593 (2018); *State v. Hunt*, No. 113,179, 2016 WL 758317, at *2-3. (Kan. App. 2016) (unpublished opinion), *rev. denied* 305 Kan. 1255 (2017); *State v. Dotson*, No. 109,358, 2014 WL 6676042, at *1 (Kan. App. 2014) (unpublished opinion).

10

In *Hunt* and *Dotson*, a district court denied an inmate's self-titled "motion for judicial inquiry" seeking to compel a sentence modification recommendation. This court affirmed in both cases, finding that no legal mechanism exists for an inmate to invoke "judicial inquiry" that would compel the Secretary to recommend a sentence modification. *Hunt*, 2016 WL 758317, at *3; *Dotson*, 2014 WL 6676042, at *1. More recently, in *Dykes*, our court held that "K.S.A. 2017 Supp. 21-6702(e) does not allow an offender to petition a district court under K.S.A. 60-1501 to compel the Secretary to recommend the modification of an inmate's sentence." 2018 WL 3400781, at *2. The conclusion in *Dykes* extends to this case.

Brown suggests that his only recourse for relief is a K.S.A. 60-1501 action. But a claim brought under K.S.A. 60-1501 must include allegations of a constitutional dimension. If an inmate fails to assert a deprivation of a constitutional right, the district court should grant a request for summary dismissal. *Ramirez v. State*, 23 Kan. App. 2d 445, 448, 931 P.2d 1265 (1997).

Brown's claim challenging the denial of a sentence modification recommendation fails to allege a violation of his constitutional rights. Instead, Brown's argument focuses exclusively on the statutory procedure to modify a sentence under K.S.A. 2017 Supp. 21-6702(e) and the validity of IMPP 11-114. Although Brown failed to assert a violation of any constitutional right, we note that Brown has no protected property or liberty interest in receiving a sentence modification recommendation, as is required to support a procedural due process violation. See *Goddard v. Kansas Dept. of Corrections*, 16 Kan. App. 2d 408, 410-18, 824 P.2d 991 (1992).

Because Brown's claim failed to allege shocking and intolerable conduct or continuing mistreatment of a constitutional stature, summary dismissal was appropriate. See *Johnson*, 289 Kan. at 648. Although the district court did not deny Brown's claim for failure to allege a constitutional violation in this regard, a district court's judgment will be

11

upheld if it is correct for any reason. *Schoenholz v. Hinzman*, 295 Kan. 786, 797, 289 P.3d 1155 (2012).

The district court did not err by summarily dismissing Brown's K.S.A. 2017 Supp. 60-1501 petition.

Affirmed in part and dismissed in part.