(730 P.2d 368)
No. 59,699

In the Matter of the Application of MARK R. MAAS for a Writ of Habeas Corpus.

—

Opinion filed December 31, 1986.

*John W. Nitcher* and *James L. Postma*, of Lawrence, for appellant.

*James E. Flory*, district attorney, *Mark A. Knight*, assistant district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before PARKS, P.J., BRISCOE and BRAZIL, JJ.

BRAZIL, J.: Mark R. Maas appeals the trial court's denial of his petition for writ of habeas corpus on the finding that his right to a speedy trial had not been violated.

Because, as stated by his attorney at oral argument, Maas has attempted to "cover every base," a chronology of events might be appropriate.

On April 4, 1986, a jury found Maas guilty in two cases consolidated for trial of aggravated assault, terroristic threat, aggravated kidnapping, criminal trespass, and rape.

Prior to trial, on March 28, 1986, the trial court had denied his motion to dismiss based on the speedy trial issue.

On April 3, Maas filed his original petition for writ of habeas corpus alleging the speedy trial issue in the court of appeals.

On April 10, the court of appeals remanded it to the trial court for hearing.

On May 2, Maas filed the present petition for writ in the trial

court. He also appeared for sentencing in the underlying criminal cases and was committed to Larned State Hospital in lieu of imprisonment, pursuant to K.S.A. 22-3430.

On May 9, Maas filed a notice of appeal in his criminal cases. He appealed directly to the supreme court pursuant to K.S.A. 22-3601(b)(1), citing his conviction of "one Class A felony." Although not mentioned in the notice, K.S.A. 22-3601(b)(1) would also require that his class B felony conviction (rape) be filed directly in the supreme court.

On May 14, the trial court announced from the bench that the present writ should be dissolved. The journal entry was filed on June 23. Since the writ had not issued, we construe the court's order as denying the petition for the writ.

On June 2, Maas filed his notice of appeal herein.

Before addressing the issues raised on appeal we feel compelled to consider two issues, one of which is jurisdictional.

K.S.A. 60-1501 provides in pertinent part:

"Subject to the provisions of K.S.A. 60-1507 any person in this state who is detained, confined, or restrained of liberty on any pretense whatsoever . . . may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place."

This broad authorization is subject to an important limitation.

"The purpose of habeas corpus is to provide an efficient and prompt remedy to obtain freedom from illegal restraint, or from restraint imposed in the abuse of legal authority and not in the course of orderly legal processes. Thus, habeas corpus does not take the place of the motion for new trial to correct trial errors; *nor is it a substitute for an appeal* or motion for rehearing." (Emphasis added.) 2 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-1501, p. 106 (1979).

Cases decided under K.S.A. 60-1507, while not directly on point, provide an additional rule that has some bearing on habeas corpus as well: points considered and decided on direct appeal cannot be considered in a K.S.A. 60-1507 proceeding, *Kirk v. State*, 220 Kan. 278, 552 P.2d 633 (1976), absent a showing some United States Supreme Court decision was not considered and might affect the decision as made on direct appeal. *Caldrone v. State*, 215 Kan. 351, 524 P.2d 228 (1974).

We note that K.S.A. 60-1501 is expressly subject to K.S.A. 60-1507, which pertains to remedies available to prisoners in custody under a sentence of a court. Although Maas had not been sentenced, he has been committed to Larned State Hospital pursuant to K.S.A. 22-3430, which provides in part:

"The defendant may appeal from any order of commitment made pursuant to this section in the same manner and with like effect as if sentence to a jail, or to the custody of the director of penal institutions had been imposed in this case."

Under these authorities, it seems clear that Maas is attempting to use habeas corpus as a substitute for direct appeal since he presented the speedy trial issue to the court before his trial and included it as an issue in his notice of appeal from his conviction. In the joint request for a continuance of the brief filing deadlines in his direct appeal, the parties declared that the speedy trial question was one of the main issues in that appeal. Maas has had the issue decided against him twice by the trial court, once in his criminal case and again in his habeas corpus case. "As a general rule, a writ of habeas corpus . . . will not be granted where relief may be had . . . by resort to another general remedy, such as appeal." 39 Am. Jur. 2d, Habeas Corpus § 18, p. 190. Application of this general rule in our case is further supported by an old Kansas case where the court refused to consider the validity of an ordinance forming the basis of a criminal charge. The court noted "where the case in the lower court had not been disposed of, and where the regularly established procedure was still available to the party seeking redress, the orderly jurisdiction of the lower court . . . and the ordinary procedure for trial and appeal should not be interfered with through writs of habeas corpus . . . ." *In re Will*, 97 Kan. 600, 601, 155 Pac. 934 (1916).

We conclude that Maas is attempting to improperly use this extraordinary remedy as a substitute for direct appeal.

More importantly we question our jurisdiction to consider this appeal. Kansas appellate courts have only such jurisdiction as is provided by law. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *State v. Ortiz*, 230 Kan. 733, 735, 640 P.2d 1255 (1982); *State v. Shehi*, 185 Kan. 551, 553, 345 P.2d 684 (1959).

As noted above, on May 9, 1986, Maas appealed his convictions directly to the supreme court, which has exclusive appellate jurisdiction pursuant to K.S.A. 22-3601(b)(1). Denial of this right to speedy trial is one of the main issues in that appeal.

Maas' direct appeal was pending when this appeal was filed on June 2, 1986, and his direct appeal is still pending. We conclude that the supreme court has exclusive jurisdiction of the issues in

the direct appeal and should also consider the appeal from the trial court's denial of his petition for writ of habeas corpus.

Appeal dismissed.