NOT DESIGNATED FOR PUBLICATION

No. 120,496

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DUSTIN J. STRAIT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed January 21, 2020. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE, J., and DANIEL D. CREITZ, District Judge, assigned.

PER CURIAM: Dustin J. Strait, who has been involuntarily committed as a sexually violent offender to the treatment program at Larned State Hospital, appeals the denial of his habeas corpus petition challenging two aspects of his continuing confinement. We find no error in the ruling of the Pawnee County District Court and affirm.

Strait has been detained as a sexually violent offender since March 2001. We need not recount the circumstances of his involuntary commitment or the course of his treatment since then given the narrow points he has raised in his petition brought under

1

K.S.A. 2018 Supp. 60-1501. As an extraordinary remedy, habeas corpus is limited to challenges to confinement violating the detainee's constitutional rights or conditions of continuing confinement that are themselves constitutional violations.

In his petition, Strait raised two issues. The district court denied him relief on both. We see no disputed issues of material fact, so we apply a de novo standard of review, giving no particular deference to the district court's determination. That would be the most favorable review to which Strait would be entitled in any circumstance.

For his first point, Strait says in 2016 the Brown County District Court improperly denied him an independent clinical evaluation as part of the statutory annual review of his continued confinement. See K.S.A. 2016 Supp. 59-29a08. After reviewing a report from the clinical staff at the hospital, the Brown County District Court concluded Strait remained unsuited for advancement to the transitional release phase of the treatment program. In light of the report, the Brown County District Court declined to appoint an independent medical examiner to evaluate Strait. Strait appealed the result of the annual review, and a panel of this court affirmed the Brown County District Court's ruling. *In re Care & Treatment of Strait*, No. 116,767, 2017 WL 2403351, at *3 (Kan. App. 2017) (unpublished opinion).

In this 60-1501 action, Strait has simply replicated the issue he raised and lost in the Brown County District Court case over his annual review. But a habeas corpus proceeding may not be used simply to relitigate issues already decided in an earlier judgment. It is not a device for a second appeal; rather, it provides a vehicle for litigating constitutional violations affecting the duration or conditions of a detainee's confinement. See *In re Habeas Corpus Application of Maas*, 11 Kan. App. 2d 597, 598-99, 730 P.2d 368 (1986). On this point, Strait has not presented some colorable constitutional challenge and merely repeats what has gone before. The Pawnee County District Court correctly declined to consider this issue.

For his second point, Strait contends he has been denied due process in violation of the Fourteenth Amendment to the United States Constitution because the clinical staff uses polygraph examinations as part of the standard treatment protocols for at least some of the individuals confined as sexually violent predators. Strait says his advancement in the treatment process was curtailed because he was deemed deceptive during a polygraph examination. Strait does not articulate a clear constitutional claim in his 60-1501 petition, so the scope of the harm and the legal basis for the purported violation of his rights are obscure. He is considerably more direct about the relief he wants:  Orders precluding the use of polygraph examinations as part of the treatment program and prohibiting staff from ever reducing his treatment status, which would prolong his time in the program.

The factual premise behind Strait's claim is faulty. The record indicates Strait's treatment status was changed because he *truthfully* admitted to having recurrent sexual fantasies involving sadistic and masochistic activity. The admissions were made during the course of a polygraph examination administered as part of his treatment. But his status was not changed because he purportedly lied according to the polygraph results. Strait has offered nothing to show the change in his status was something besides a reasonable therapeutic judgment based on his candid statements to clinical staff about his fantasies. The polygraph examination itself was unconnected to the treatment decision. Similarly, Strait has failed to show the use of polygraphs generally as part of a treatment plan for sexual offenders to be inappropriate as a matter of either constitutional law or accepted therapeutic methods for that patient population. Strait, therefore, has failed to advance a viable claim under K.S.A. 2018 Supp. 60-1501 based on his second point.

Affirmed.